## 27220. WILLIAMS v. CALDWELL.

HAWES, Justice. Bishop Williams, being confined in the State Prison at Reidsville under a sentence of five years' imprisonment, petitioned for a writ of habeas corpus. The writ was granted and upon the hearing he was remanded to the custody of the warden. He appealed. He contended that his sentence, imposed upon his plea of "guilty" to a charge of "terroristic threats and acts" brought under the provisions of § 26-1307 of the Criminal Code of Georgia, was void because he was denied an arraignment hearing; denied bond though not charged with a capital offense; denied effective representation of counsel; and denied due process under the Fifth and Fourteenth Amendments, in that his plea of guilty was coerced, and no evidence was introduced to support his conviction.

1. Upon the trial of a habeas corpus case, the judge is the trior of both the law and the facts. Accordingly, where there is any evidence to support the finding of the trial court, even though there be evidence to the contrary, the finding will not be disturbed. *Laidler v. Smith,* 227 Ga. 759 (3) (182 SE2d 891); *Calhoun v. Caldwell,* 228 Ga. 804, 805 (188 SE2d 498). Under this rule, the finding of the trial court as to petitioner's contentions ˙respecting representation of counsel and denial of due process will not be disturbed. The record shows that he was represented by appointed counsel of several years' experience at the bar, that counsel conferred with him on several occasions prior to his entry of his guilty plea and fully advised petitioner of his rights and as to the sentence which he could expect to receive upon a plea of guilty. It cannot be said that the representation which he received was such as to constitute a farce or a mockery. The sheriff who arrested the petitioner on the charge upon which he was sentenced denied the petitioner's contentions respecting his coercion of the guilty plea, and the lawyer who represented him testified to the facts upon which he based his opinion that the plea was voluntarily and

freely entered. The transcript of the guilty plea proceeding shows that the judge who accepted the plea had sufficient evidence before him to authorize the conclusion that the crime with which the defendant was charged had actually been committed by him.

2. A valid plea of guilty waives all defenses, known and unknown. *Snell v. Smith,* 228 Ga. 249, 250 (184 SE2d 645). The defendant's plea of guilty constituted a waiver of arraignment and a waiver of bond. Furthermore, with respect to this latter contention, the sheriff testified that petitioner was offered bond and stated that he preferred not to be out on bond because he would be ashamed to face his friends on the street. These contentions are without merit.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JUNE 12, 1972—DECIDED SEPTEMBER 12, 1972.

Bishop Williams, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.

