## 70092. WILLIAMS v. THE STATE.
(330 SE2d 435)

DEEN, Presiding Judge.

Gary Walter Williams entered a nolo contendere plea to a charge of driving under the influence on January 27, 1981. On July 5, 1984, he filed a motion entitled "Motion to Set Aside Disposition and Sentence of Case" claiming the proceedings were void because the arresting officer failed to have the Uniform Traffic Citation, which charged him with DUI, properly notarized. Williams appeals from the denial of his motion. *Held*:

A plea of nolo contendere is statutory in origin and was intended to "stand upon the same footing as a guilty plea in all respects except where otherwise specifically provided to constitute the remedy of the evil of the old law . . ."; namely, in those specific situations where the civil penalties attached would be too drastic. *Wright v. State*, 75 Ga. App. 764, 767 (44 SE2d 569) (1947). See also *Fortson v. Hopper*, 242 Ga. 81, 82 (247 SE2d 875) (1978), wherein the court found that such a plea "constitutes a plea of guilty except that it cannot work any civil disqualification upon the defendant."

A plea of nolo contendere stands on the same footing as a plea of guilty and, after pronouncement of sentence, a motion to withdraw rests in the sound discretion of the trial court. *Marshall v. State*, 128 Ga. App. 413 (197 SE2d 161) (1973). "In the case of a plea of guilty,

such plea would waive any defense known and unknown . . ." *Balkcom v. McDaniel*, 234 Ga. 470, 471 (216 SE2d 328) (1975). "[A] plea of guilty admits all averments of fact in the indictment or accusation and waives any defects therein in matters of form and not jurisdictional . . . [and] such a plea will not prevent the defendant from claiming that such facts do not constitute a crime . . . A plea of guilty is a conviction of the highest order and waives all defenses other than that the *indictment charges no crime.*" *Hilliard v. State*, 87 Ga. App. 769, 773 (75 SE2d 173) (1953).

In the instant case, appellant has not claimed that the Uniform Traffic Citation failed to charge a crime, but only that the supporting affidavit was not notarized. Recent cases show a trend away from the requirement of an affidavit. See *Mash v. State*, 168 Ga. App. 491 (309 SE2d 673) (1983) (name on affidavit not signed but typed); *McSears v. State*, 247 Ga. 48 (273 SE2d 847) (1981) (affidavit signed by person who had no personal knowledge of case). We therefore find that the failure to have the affidavit notarized was merely an error in form and not one of substance which would authorize the trial court to set aside the plea of nolo contendere.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 8, 1985.

*Karl J. Duff, Elliott R. Baker*, for appellant.
*Patrick H. Head, Solicitor, Jon Hope, Assistant Solicitor*, for appellee.