## 46478. THE STATE v. NEWSOME.
(378 SE2d 125)

WELTNER, Justice.

Thomas James Newsome was charged with two counts of child molestation, was found guilty by a jury, and was sentenced to a term of years. As the jury retired, the trial court, over objection, allowed the alternate juror to accompany the jury to the jury room to be present during deliberations. The trial court instructed the alternate that he could not participate in the jury's deliberations, in fact could not speak, until and unless he was instructed by the court to the contrary. Newsome appealed his convictions contending the presence of the alternate juror during the jury's deliberations constituted a violation of OCGA § 15-12-171 which provides, in part: "the alternate jurors shall not retire with the jury of 12 for deliberation" and that such violation is presumptively injurious to him.

1. After this matter was docketed in the Court of Appeals and with leave of court, the record in the trial court was supplemented with affidavits from the alternate juror and the twelve trial jurors. In its opinion the Court of Appeals stated:

The State carries its burden when it produces the affidavits of the twelve members of the jury that their decision was not influenced at all by the alternate juror's presence. [Cit.] Ten of the jurors so stated in their affidavits. However, one juror merely stated that "I do not recall whether or not the alternate juror was present during jury deliberations." Another stated: "I don't think the alternate juror was present during jury deliberations." Neither juror could or did confirm that her decision was not affected by the alternate's presence. There was no post-verdict poll which might have resolved the factual question. Because the State has the burden, the failure to show unanimity as to lack of any influence was fatal.

*Newsome v. State*, 189 Ga. App. 329, 330 (375 SE2d 621) (1988). We granted certiorari to review the holding of the Court of Appeals.

2. After this matter was docketed in this court, the record in the trial court, with leave of this court, was supplemented with the affidavits of the two jurors who previously had failed to comment on whether the alternate juror had influenced the jury's verdict. All of the affidavits establish that the alternate juror did not influence any juror, or the verdict of the entire jury. Accordingly, the presence of the alternate juror was harmless error. *Johnson v. State*, 235 Ga. 486, 493-5 (220 SE2d 448) (1975).

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED APRIL 14, 1989.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney,* for appellant.
*August Francis Siemon III,* for appellee.