## A89A1066. RELIFORD v. THE STATE.
(388 SE2d 21)

BIRDSONG, Judge.

Alvin Reliford appeals from a judgment and sentence of probation, as a first offender, arising out of his guilty plea to the felony charge of obstructing an officer. Originally he was charged with possession of cocaine, obstruction of an officer, and aggravated assault. However, the grand jury returned a no bill for all offenses except "Obstruction of an Officer (Felony)." He enumerates four general errors below. *Held*:

Appellant contends on appeal that the obstruction count "failed to charge the crime [of obstructing an officer as a felony] in the proper manner." He seems to argue that no affidavit or warrant was made charging him with a *felony* specifically, or describing any act which could be legally construed as a felony. This enumeration is without merit. The indictment clearly charged appellant with "OBSTRUCTION OF AN OFFICER (FELONY)" in that he "did knowingly and willfully obstruct and oppose DON DAVIS AND DENNIS MERRIMAN, law enforcement officers of the [GBI] in the lawful dis-

charge of their official duties by offering and doing violence to the persons of such officers in that the said ALVIN RELIFORD forcibly resisted being placed in custody by such officers."

There is, and can be, no requirement that the indictment presented by the grand jury be phrased and described in the exact language used in any warrant or supporting affidavit which was taken out for his arrest; nor is the grand jury, having found grounds to indict for a felony, limited to charging a misdemeanor in an indictment merely because some language in the warrant or supporting affidavit would arguably have supported a misdemeanor charge. See *Oglesby v. State*, 121 Ga. 602 (49 SE 706); *Rank v. State*, 179 Ga. App. 28 (1) (345 SE2d 75).

Further, no objection or demurrer was made to the language of the indictment on this basis. Appellant's plea of guilty waived all defenses to the indictment. See *Williams v. Caldwell*, 229 Ga. 453 (2) (192 SE2d 378).

As for appellant's apparent argument that this charge remained in the jurisdiction of the magistrate's court as a misdemeanor because the original arrest warrant issued from that bench, appellant offers no authority except vague reference to cases wherein the defendant was actually prosecuted on a lesser charge in a lower court. See, e.g., *Herrera v. State*, 175 Ga. App. 740 (334 SE2d 339). The criminal warrant for arrest was not a prosecution in the magistrate's court; following the felony indictment, the case was lodged in superior court, where appellant waived arraignment and made other pertinent motions. The record does not support any indication that there was ever a prosecution in a lower court.

The plea of guilty is not asserted to be involuntary, and it cannot be contended by appellant that he thought he was pleading to a misdemeanor, for the indictment and the record clearly show he was apprised and advised, and he understood, that he was charged with, and was pleading guilty to, a felony. As for the suggestion that the trial court somehow erred in its sentence, the sentence given was within statutory limits, and therefore is a legal sentence. See *Allen v. State*, 258 Ga. 424 (369 SE2d 909); *Luke v. State*, 178 Ga. App. 614 (1) (344 SE2d 452). Finally, there is no logic in appellant's allegation that no prosecution for obstructing an officer could be maintained because a no bill was returned for the charge of aggravated assault on an officer, nor is there any inconsistency in the prosecution for obstructing based merely on the fact that the assault charge was dropped. See *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 1, 1989.

*Charles E. Price*, for appellant.
*John R. Parks, District Attorney*, for appellee.