A90A2316. SINGLETON v. THE STATE.
(402 SE2d 132)

BIRDSONG, Presiding Judge.

Rickey Singleton pleaded guilty under three indictments to offenses including forgery and robbery, numbered 232, 517, and 516. The trial court apparently did not award Singleton the sentence on the robbery count for which he had plea bargained. Singleton's appeal involves only the robbery count under Indictment No. 516.

Appellant contends that after he was advised of the withdrawal of his speedy trial demands, his attorneys waived and withdrew his speedy trial demands without his knowledge or consent; that he timely filed pro se a "general demand for compliance with the law and refusal to waive rights"; and that he also filed a demand for discharge and acquittal for the State's failure to try him within two terms of his speedy trial demand pursuant to OCGA § 17-7-170. All these motions were filed before he pleaded guilty and was sentenced. He contends he was denied hearing on his motions, and was denied access to the courts, with the result that he "succumbed" to pleading guilty. *Held*:

Documents appended to appellant's pro se appeal brief show that shortly after receiving notice that his attorneys had waived and withdrawn his speedy trial demands, appellant did timely file a "general demand for compliance with law and refusal to waive rights"; but this demand was titled "Indictment No. 517," which is not the robbery indictment and prosecution that is the subject of this appeal.

In his notice of appeal, appellant specified the appeal was of the conviction upon Indictment No. 516. Appellant directed the clerk of the trial court to prepare and submit to this court "all motions, papers, documents and transcripts of any hearings or sentencing on the matter." There is no suggestion this was not done. Appellant was represented by one attorney in the robbery prosecution under Indictment No. 516 which is the subject of this appeal, and by another attorney in the other two prosecutions under Indictment Nos. 517 and 232. The record of proceedings under Indictment No. 516 contains no indication that appellant made any objection to his attorney's waiver of speedy trial demand in this case (Indictment No. 516), nor is there any suggestion that the attorney knew of the "general demand for compliance with law and refusal to waive rights" which appellant apparently had filed in the prosecution of Indictment No. 517.

Thus, the only objection by appellant to his attorney's waiver of speedy trial demand was the one filed as to Indictment No. 517, for which appellant makes no appeal. The appeal record as to Indictment No. 516 contains the trial court's order accepting the plea of guilty. This order states that the trial court had affirmatively determined that the plea to Indictment No. 516 was freely and voluntarily made, was justified by fact, and that "there has been a knowing and intelligent waiver of . . . the right to trial by jury . . . confrontation of witnesses, and . . . the privilege against self-incrimination." Moreover, there is nothing in the record which would indicate the trial court had notice of any objection by appellant to the waiver of his speedy trial demand as to Indictment No. 516. This being the only evidence of record as to the circumstances of the plea, we are unauthorized to consider appellant's unsupported assertions in his brief that the waiver of speedy trial demand as to Indictment No. 516 was without his knowledge or consent, or that he made any objection thereto. See *Howell Mill &c. v. Gonzales*, 186 Ga. App. 909, 911 (368 SE2d 831). " 'When there is nothing in the record to support the contention of error, there is nothing presented to this court for review.' " *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248, 249 (384 SE2d 276). According to the record, the plea to Indictment No. 516 is valid; a valid guilty plea waives all defenses, known and unknown. *Williams v. Caldwell*, 229 Ga. 453, 454 (192 SE2d 378); *Reliford v. State*, 193 Ga. App. 363 (388 SE2d 21).

It should be noted that appellant's actions on his behalf, in filing a general objection to the waiver of any rights following the waiver of speedy trial demand, specifically applies only to Indictment No. 517. The conclusion arises that if appellant had any objections to the waiver in his robbery case (Indictment No. 516), he knew how to make it but failed to do so, but instead he merely attempts on appeal to have his plea vacated by relying upon an objection made in the

prosecution of another indictment. Appellant offers no explanation why he should be allowed to do this, and we find no authority for it. Accordingly, we find no basis on which he can now impeach his plea.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 11, 1991.

Rickey Singleton, *pro se.*

Michael C. Eubanks, *District Attorney*, Richard E. Thomas, *Assistant District Attorney*, for appellee.