A90A2360. MERGEL v. THE STATE.
(402 SE2d 800)

COOPER, Judge.
This appeal is from the denial of appellant's motion to withdraw his guilty plea.

Appellant, indicted for murder, was convicted by a jury of voluntary manslaughter and received a sentence of 15 years to serve ten years. Appellant, through an attorney who was not his trial attorney, filed a motion for new trial which was heard by the trial court and taken under advisement. Before the court ruled on the motion for new trial, a negotiated plea agreement was reached whereby the State would consent to the granting of the new trial and appellant would then plead guilty to voluntary manslaughter and receive a sentence of ten years to serve three-and-a-half years. At the commencement of the plea proceedings, the prosecutor informed the court of the negotiated plea agreement and appellant's attorney confirmed that the agreement was as stated by the prosecutor. The judge then orally granted appellant's motion for new trial and proceeded with the entry of the guilty plea. After the judge read appellant his rights pursuant to *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), appellant asked the judge if he could have a jury trial. The judge told appellant that he could not have a jury trial but that he could withdraw his guilty plea in which case the judge would not enter the order granting appellant's motion for new trial. The judge also informed appellant that he was in essence waiving his right to appeal, and appellant responded that he understood what the judge was saying and still wanted to enter the plea. The judge then accepted the plea of guilty and sentenced appellant in accordance with the agreement. Subsequently, appellant filed a pro se motion to withdraw his guilty plea. The State moved to vacate and set aside the order granting appellant's motion for new trial. At the hearing on the motions, appellant was represented by the same attorney who represented him at the hearing on his motion for new trial and the plea proceedings. The trial court, after hearing argument, denied both mo-

tions.

In three enumerations of error, appellant contends that his guilty plea was not made freely and voluntarily. The burden is on the State to establish that appellant's plea of guilty was entered into intelligently and voluntarily. *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255) (1990). The transcript from the plea proceeding reflects that after the judge informed appellant that if appellant withdrew his guilty plea the judge would not grant the motion for new trial, the following colloquy took place between the judge and appellant:

"[THE COURT]: So it pretty much boils down to a question of whether or not you want to go through to get less of a sentence and give up your appeal rights. That's what it boils down to? Do you understand that?

[APPELLANT]: Yes.

[THE COURT]: Do you understand if you do enter this plea and if I do sentence you, your right to appeal is gone?

[APPELLANT]: Yes.

[THE COURT]: Is that what you want to do?

[APPELLANT]: Yes.

[THE COURT]: Are you sure about that?

[APPELLANT]: Yes."

We are satisfied that appellant understood the consequences of the agreement he was entering into and that he intelligently and voluntarily waived any rights which may have resulted from the grant of his motion for new trial in order to receive a lesser sentence. The trial court explained that the grant of appellant's motion for new trial was conditioned upon his entry of a plea of guilty to the charge of voluntary manslaughter and the record reveals that appellant understood that condition. A defendant has no right to plea bargain; therefore, the State could place any conditions that it desired in an offer to negotiate the plea of appellant. *Bostic v. State*, 184 Ga. App. 509 (4) (361 SE2d 872) (1987).

Appellant's argument that the court failed to inform him of the elements of voluntary manslaughter is without merit. "It is not necessary for the trial court to inform the accused personally of the elements of the crime to which he is pleading[.]" *Craig v. State*, 192 Ga. App. 148, 149 (384 SE2d 240) (1989). In addition, the record reveals that appellant did in fact understand the nature of the offense to which he was pleading guilty.

Appellant also argues that his attorney was ineffective because he did not explain to appellant that he could withdraw his motion for new trial and allow the judge to enter a reduced sentence. While we agree that the alternative method may have been the better way to achieve the desired result, the net result being the same, we find no harm to appellant.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 27, 1991.

*Marc D. Cella*, for appellant.

*Thomas J. Charron*, District Attorney, *Debra H. Bernes*, Assistant District Attorney, for appellee.