A91A0529. MATHIS v. THE STATE.
(405 SE2d 528)

BEASLEY, Judge.

Defendant was sentenced after he pleaded guilty to two counts of selling cocaine. He filed a motion for new trial on the "general grounds" and after it was overruled, appealed to this court. In the sole enumeration of error defendant contends that his guilty plea was not entered into knowingly and voluntarily because at the time he was on pain medication which could have affected his mental capacity.

A motion for new trial is not the proper vehicle for withdrawing a guilty plea. *Lamons v. State*, 170 Ga. App. 745 (318 SE2d 509) (1984); *Amos v. State*, 161 Ga. App. 281 (2) (287 SE2d 743) (1982). However, the trial court permitted defendant to raise the issue of involuntariness on the motion for new trial hearing and treated it in effect as a motion to withdraw. See *Stevens v. State*, 169 Ga. App. 646 (314 SE2d 481) (1984).

Considering the merits, defendant introduced medical records which indicated that at 7:25 a.m. on the day defendant was to be tried he was given 5 milligrams of Percocet, a painkiller. His trial began at 9:30 and defendant participated with his counsel during jury selection. A plea bargain was offered to defendant to drop three counts of a five count indictment in exchange for his guilty plea to the other two. Defendant consulted with his counsel and his family for about 30 minutes before deciding to accept the plea arrangement.

The trial court interrogated defendant in conformity with the requirements of *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), and USCR §§ 33.7; 33.8; and 33.9. See *State v. Germany*, 245 Ga. 326 (265 SE2d 13) (1980); *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971). See also *Logan v. State*, 256 Ga. 664 (352 SE2d 567) (1987). At the beginning, the court inquired if defendant was under the influence of "drugs or alcohol today?" and received the response: "No sir, prescription drugs is all." The court asked if the drugs were "mind altering in anyway?" When defendant answered, "Sir?" and the question was repeated, his counsel responded "They are some pain pills for his back." The court asked again if "these are pain pills for your back, some back condition?" Defendant answered: "Yes, sir."

Defendant now contends that because dizziness, lightheadedness and sedation might be side effects of Percocet the State failed to prove his plea was entered into voluntarily. There was no evidence

that defendant was incapacitated, handicapped, or even affected, by the prescription drug. The State has filed two affidavits dated after the hearing, one by a deputy sheriff and another by trial counsel for defendant, both of which stated that defendant showed no signs of being under the influence of any drug or alcohol during the plea negotiation stage. Although late, we can consider these affidavits under *State v. Newsome*, 259 Ga. 187 (378 SE2d 125) (1989). There is no basis for finding that defendant pleaded guilty while incompetent and thus, that he did so unknowingly and involuntarily.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 9, 1991.

*Bennett, Wisenbaker, Bennett & Williams, Michael S. Bennett,* for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney,* for appellee.