## A92A0064. LAWSON v. THE STATE.
(420 SE2d 600)

BIRDSONG, Presiding Judge.

Joseph Lawson was indicted on 30 counts of "white collar" crime, involving multiple transactions of large purchases and shipments of computer equipment paid for by checks which appellant forged as "certified" checks of banking institutions, including one check for $21,000. He pleaded nolo contendere to one count of issuing a bad check, two counts of forgery, and six counts of theft by taking. The trial court reduced his sentences to time served and a probated sentence of ten years under the First Offender Act, OCGA § 42-8-60, and ordered him to pay $1,650 restitution. On the day he filed this notice of appeal, Lawson filed a motion for new trial on grounds of insufficiency of the evidence to support the "verdict." He appeals pro se, raising objections to the indictments and contending he was in pain from teeth problems and back problems when his pleas were made and that he believed entering these pleas was the only way to get relief and medication.

Appellant enumerates four errors on appeal of his pleas of nolo contendere, including the trial court's failure to grant him a speedy trial and its error in permitting the State to recall a true bill of indictment and an entry of no bill. *Held*:

1. A motion for new trial is not the proper vehicle for withdrawing a guilty or nolo contendere plea. See *Mathis v. State*, 199 Ga. App. 538 (405 SE2d 528). The proper proceeding in this regard is a motion to withdraw the plea, which appellant did not make. If the motion for new trial had been made while the trial court still had jurisdiction of the case, the trial court would have been authorized to treat his pro se motion for new trial as a motion for withdrawal, and could consider his objections on their merits; so may we. Id. at 539; see *State v. Newsome*, 259 Ga. 187 (378 SE2d 125). Likewise, it is well established that a claim of involuntary plea may be raised for the first time on appeal. See *Agerton v. State*, 191 Ga. App. 633 (382 SE2d 417).

A valid plea of guilty waives all defenses to the charge, known or unknown, including all defenses to the indictment. *Carroll v. Holt*, 251 Ga. 144 (304 SE2d 60); *Reliford v. State*, 193 Ga. App. 363, 364

(388 SE2d 21); *Morgan v. State,* 191 Ga. App. 367, 369 (381 SE2d 583). And, a plea of nolo contendere stands on the same footing as a guilty plea, and likewise waives all defenses, known or unknown (*Williams v. State,* 174 Ga. App. 506 (330 SE2d 435); *Wright v. State,* 75 Ga. App. 764 (44 SE2d 569)), including objections to the indictment. See *Reliford,* supra. As to the standards for determining voluntariness of such a plea, see *Bowens v. State,* 194 Ga. App. 391 (390 SE2d 634); see also *Mergel v. State,* 198 Ga. App. 759, 760 (402 SE2d 800). If we find appellant's pleas of nolo contendere were voluntarily made, he is deemed to waive all defenses including objections to the indictment. *Reliford,* supra; *Williams,* supra.

2. The record shows that appellant, who was represented by counsel at the plea hearing, had filed special and general demurrers to the indictment, discovery motions, and motions to suppress; and that he entered pleas of nolo contendere upon being fully informed of the charges and evidence against him, of his rights to pursue the motions including motions to suppress and pleas to the indictment, of his right to be free from illegal search and seizure and to exclude evidence on that account, of the effect of his nolo contendere pleas as a waiver of all these procedural and substantive rights, and of the fact that upon a trial and verdict of guilty the trial court could sentence appellant to 31 years in the penitentiary for the crimes charged. The hearing transcript shows appellant's attorney stated he had counseled with appellant very strongly about the nature of the State's case, the alternative of going to trial, and the potential of being convicted of a felony, "and he is willing to take this opportunity . . . [as] the best way . . . to get on with his life." The trial court interrogated appellant: "Q. Mr. Lawson, are you able to hear and understand my statement and questions? A. Yes. Q. Are you now under the influence of any alcohol, drugs, or any other substance? A. No, I'm not. Q. Has your lawyer explained the charges against you? A. Yes, he has. Q. Do you understand that by pleading [nolo contendere] you are giving up your right to a jury trial. . . . A. Yes, I do. Q. Do you understand that by pleading nolo contendere you are giving up your right not to incriminate yourself? . . . to question your accusers? . . . to subpoena witnesses on your behalf?" To all these questions appellant answered "Yes." The trial court further asked: "Has anyone made any threats or promises to get you to plead nolo contendere? A. No, they have not. Q. Have you had a chance to discuss your case thoroughly with your lawyer? A. Yes, I have. . . . Q. Do you understand the State's recommendation? A. Yes, I do. Q. Do you accept that as a fair amount of restitution as part of this plea? A. Yes, I do. Q. Do you understand that the maximum sentence for these charges . . . is 31 years, and do you understand the court is not bound by any promises or recommendations and that the court can impose maximum sen-

tence in this case? A. Yes, I do. Q. How do you plead to these charges? A. Nolo. Q. And do you want help from your lawyer to help you enter this nolo plea today? A. Yes, I do. Q. Are you satisfied with the services and advice of your lawyer? A. Yes, I am. Q. Have you understood all these questions and given truthful answers? A. Yes, I have.."

When Lawson signed the pleas, the court asked, "Mr. Lawson, has anyone made any threats, used any force, or promised you anything to get you to enter your plea? A. No, they have not."

After more questions as to whether Lawson understood his constitutional rights or would like to ask questions, Lawson's attorney stated that Lawson fully, knowingly, intelligently and voluntarily waived his right to trial and voluntarily tendered his pleas of nolo contendere. The court again interrogated Lawson: "Do you understand that you're waiving all those rights [just discussed]? A. Yes, I do. Q. Are there any questions you'd like to ask about these proceedings? A. No. Q. Any statements you'd like to make to the court at this time? A. Not at this particular time, no. [The Court]: Mr. Lawson, I will accept your plea." The trial court then sentenced Lawson.

We are satisfied that the trial court fully and completely interrogated Lawson as to the voluntariness of his plea in all respects, and we are satisfied that his pleas were voluntarily and knowingly made, without the influence of any fear, threat, promise, or other mitigation. There was no evidence or suggestion that Lawson suffered from toothache or other physical problems and believed that the only way to get medication was to make this plea. As in *Mathis v. State*, we find no basis to conclude Lawson pleaded while incompetent or under pressure; and we conclude his plea was knowingly and voluntarily made. Id. Consequently, his objections to the indictment and other defenses as raised in his enumerations of error are waived. *Reliford*, supra; *Williams*, supra.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 10, 1992 —
RECONSIDERATION DENIED JULY 6, 1992.

Joseph Lawson, *pro se.*
Robert E. Wilson, District Attorney, Robert E. Statham III, J. George Guise, Assistant District Attorneys, for appellee.