## A92A1163. PENNYMAN v. THE STATE.
(424 SE2d 64)

JOHNSON, Judge.

Phillip Pennyman was convicted of possession of a firearm during the commission of a crime and two counts of armed robbery. His motion for a new trial was denied and he appeals.

1. In Pennyman's first enumeration, he challenges the sufficiency of the evidence supporting his convictions.

At trial, both of the victims testified that two men robbed them of their jackets and a hat at gunpoint. The victims identified Pennyman as one of the perpetrators. A police officer testified that Pennyman and his accomplice fit the description given him in a radio call requesting a response to the armed robbery. A hat, which was identified by one of the victims as his, along with a rifle were found in the pick-up truck being driven by Pennyman at the time of his arrest. Pennyman admitted at trial that the hat did not belong to him. Reviewing the evidence in the light most favorable to the jury verdict, we conclude that a rational trier of fact could have found Pennyman guilty of armed robbery and possession of a firearm during the commission of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pennyman contends that the trial court erred in charging the jury on the definition of parties to a crime after the jury had been excused to deliberate because Pennyman was not given an opportunity to argue that law to the jury. This contention is without merit.

During the course of its deliberations, the jury sent the following note to the court: "Does Phillip Pennyman need to be found to have in his possession the gun to be charged with the possession of firearm during the commission of a crime, or does he just need to be found to be involved in the crime in which the firearm was used?" After some discussion with counsel, the court decided to recharge the jury on the definition of possession of a firearm during the commission of a crime and to charge the jury, for the first time, on the law regarding parties to a crime. Pennyman's attorney objected to the charge on parties to a crime on the ground that it was unsupported by the evidence in the case. His objection was meritless and was, therefore, properly overruled by the trial court. There was no request made to argue the law regarding parties to a crime at that time. However, after the instructions had been given and the jury had returned to its deliberations, Pennyman's attorney renewed his objection and moved for a mistrial.

He based his renewed objection and motion for mistrial on the ground that he was not given an opportunity to present argument regarding the law of parties to a crime. We note that he had never specifically asked the court for such an opportunity.

Pennyman's remedy under the circumstances was to request the right to argue the law regarding parties to a crime to the jury and elicit a ruling on his request from the trial court. See *Miller v. State*, 163 Ga. App. 889, 892 (296 SE2d 182) (1982); see also *Daniels v. State*, 137 Ga. App. 371, 375 (224 SE2d 60) (1976). Having failed to make the request to reargue the law of parties to a crime, Pennyman may not claim that he was denied the opportunity to argue that law. There is nothing in the record to support his contention of error, and therefore there is nothing presented to us for review. *Singleton v. State*, 198 Ga. App. 539, 540 (402 SE2d 132) (1991). Even if Pennyman's comment could be construed as a request to make argument regarding parties to a crime and the trial court had denied such a request, such error would be harmless under the particular circumstances of this case. The charge was both complete and accurate, and was supported by the evidence. In addition, the evidence of Pennyman's guilt was overwhelming and this negates the possibility that the alleged error complained of contributed to his conviction. *Greer v. State*, 201 Ga. App. 775, 776 (412 SE2d 843) (1991). Accordingly, the judgment of the trial court shall not be disturbed.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 20, 1992.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Jeffrey H. Brickman, Assistant District Attorneys*, for appellee.