## A98A0139. BARBER v. THE STATE.
(498 SE2d 758)

BLACKBURN, Judge.

Johnny Layton Barber appeals the trial court's denial of his motion for new trial. Barber asserts several enumerations of error.

On July 1, 1994, Barber was cited for DUI in violation of OCGA § 40-6-391 (a) (4). On September 28, 1994, the trial court denied Barber's motion to suppress scientific evidence of his blood alcohol level. Also on September 28, 1994, Barber entered a plea of "nolo contendere subject to right of appeal." On October 25, 1994, Barber filed a motion for new trial contending that his plea was invalid. Thereafter, nothing happened for almost three years until, at the State's insistence, a hearing was held on June 26, 1997 on Barber's motion for new trial. Such hearing was continued until July 2, 1997, at which time the trial court denied Barber's motion without allowing Barber to present any evidence.

1. First, we note that "[a] motion for new trial is not the proper vehicle for withdrawing a guilty or nolo contendere plea. The proper proceeding in this regard is a motion to withdraw the plea, which appellant did not make." (Citation omitted.) *Lawson v. State*, 204 Ga. App. 796 (1) (420 SE2d 600) (1992). However, the trial court was authorized to treat the motion for new trial as a motion to withdraw the plea. See id. Furthermore, the trial court was authorized to rule on the motion after the expiration of the term in which the plea was entered because the motion was *filed* within the same term in which the plea was entered. See *Moore v. State*, 116 Ga. App. 774 (158 SE2d 926) (1967). Treating Barber's motion as one to withdraw his plea of nolo contendere, we now reach the merits of the trial court's denial of such motion.

2. Barber pled nolo contendere "subject to the right to appeal" on September 28, 1994. He intended to directly appeal the trial court's denial of his motion to suppress. However, "[t]he procedure approved in *Mims v. State*, 201 Ga. App. 277, 279 (410 SE2d 824) [(1991)], for entering a guilty plea while reserving the opportunity to appeal rulings by the trial court which ordinarily would be waived by such a plea was disapproved in *Hooten v. State*, 212 Ga. App. 770 (1) (442 SE2d 836) [(1994)]. Guilty pleas entered after July 9, 1994, 'in which the accused attempts to condition upon the preservation of the rights to raise non-jurisdictional errors by the trial court will not be considered by this court, and all the usual rules of appellate practice,

including the waiver of errors by guilty pleas, will be applied.' [Id. at 775.]" *Martin v. State*, 214 Ga. App. 388 (448 SE2d 57) (1994). Therefore, our only inquiry is whether the trial court properly accepted Barber's plea.

"Due process of law requires 'that there be a record of the guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.' *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26) [(1982)]. 'After a prisoner raises the question of the validity of his plea of guilty, the burden is on the State to show that the plea was intelligently and voluntarily entered. The State may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' *Roberts v. Greenway*, 233 Ga. 473, 475 (1) (211 SE2d 764) [(1975)]. Uniform State Court Rule 33.11 specifies: 'A record of the proceedings at which a defendant enters a plea of guilty or *nolo contendere* shall be made and preserved. The record should include: (A) the inquiry into the voluntariness of the plea (as required by section 33.7); (B) the advice to the defendant (as required in section 33.8); (C) the inquiry into the accuracy of the plea (as required by section 33.9); and, if applicable; (D) the notice to the defendant that the trial court intends to reject the plea agreement and the defendant's right to withdraw the guilty plea before sentence is pronounced.' " *King v. State*, 226 Ga. App. 576, 579-580 (486 SE2d 904) (1997).

In the present case, the trial court accepted the plea and pronounced Barber's sentence without any inquiry into the voluntariness of the plea. However, the record does establish that the plea was based upon a mistake of law. See *Ballard v. State*, 131 Ga. App. 847, 849 (207 SE2d 246) (1974), overruled on other grounds *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) (1980) ("[a] plea should never be received unless freely and voluntarily made"). Here, both the court and the defendant were unaware that the *Mims* plea entered was no longer available as a viable plea. Therefore, the defendant was entitled to withdraw such plea and under these circumstances, the trial court erred in denying Barber's motion to do so. Id.

3. In Barber's third enumeration of error, he attempts to contest the trial court's denial of his motion in limine. However, this issue is not properly before us. See *Hooten*, supra.

*Judgment reversed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 12, 1998.

*Gilbert J. Murrah*, for appellant.
*Ben Kirbo, Solicitor*, for appellee.