A99A1883. REESE v. THE STATE.
(529 SE2d 196)

MILLER, Judge.

Indicted for burglary, William Reese entered a negotiated guilty plea and was sentenced to serve eight years. He subsequently moved to withdraw his guilty plea because he was taking psychotropic medication for schizophrenia at the time the plea was entered. Reese appeals the trial court's denial of that motion. We affirm.

After sentence is pronounced, a valid guilty plea cannot thereafter be withdrawn except upon the sound legal discretion of the trial court.[1] A ruling on a motion to withdraw a guilty plea will not be disturbed on appeal absent manifest abuse of that discretion.[2] The question is whether Reese freely and voluntarily entered the plea with an understanding of (1) the charges against him and (2) the consequences of his plea.[3]

Psychological evaluation revealed that Reese was taking Thorazine, Sinequan, and Cogentin for schizophrenia. He claimed that he lost consciousness during his plea hearing. Thorazine and Sinequan can cause hypotension, leading to light-headedness or even fainting. But the psychiatrist explained that if Reese did suffer a loss of consciousness, it would have been apparent to those present, and he concluded that Reese was competent to stand trial. Trial counsel testified that several hours prior to the hearing, Reese's speech was

---

[1] *State v. Germany*, 246 Ga. 455, 456 (2) (271 SE2d 851) (1980); compare OCGA § 17-7-93 (b).

[2] *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986).

[3] *King v. State*, 270 Ga. 367, 369 (1) (509 SE2d 32) (1998).

slurred and "he didn't seem like he was quite all there." Reese informed counsel that, although the dosage on one of his medications was "very high[,] it did not affect him." At the hearing, Reese "seemed to have cleared up quite a bit."

When asked at the plea hearing whether he was under the influence of medication, Reese responded affirmatively and further stated that he had been on the medication for eight years. In response to questioning by prosecuting counsel, Reese admitted that he understood what was taking place, that he understood the charges against him, and that he wished to plead guilty.

Because the record affirmatively shows that Reese was not incapacitated by the medications, evidence supported the trial court's finding that the guilty plea was entered knowingly and voluntarily,[4] and not as the product of a will overborne by the influence of psychotropics.[5] Thus, there was no abuse of discretion in the trial court's denial of Reese's motion to withdraw his guilty plea.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 2, 2000.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Clifford A. Sticher, Assistant District Attorneys*, for appellee.

---

[4] See *Mathis v. State*, 199 Ga. App. 538, 539 (405 SE2d 528) (1991).
[5] Compare *Weddington v. State*, 191 Ga. App. 738, 740 (7) (382 SE2d 661) (1989) (waiver of constitutional right to remain silent and to presence of attorney not rendered involuntary or unknowing due to influence of cocaine).