### A10A1929. AGNEW v. THE STATE.
(709 SE2d 567)

SMITH, Presiding Judge.

In the second appearance of this case before this court,[1] Antonio Agnew appeals from the trial court's denial of his motion to withdraw his guilty pleas. For the reasons set forth below, we reverse.

1. In ruling on a motion to withdraw a guilty plea, "[t]he trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice." (Citations and punctuation omitted.) *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998). The record in this case shows that the State separately indicted Agnew for crimes committed on different days and against different victims. The indictments were filed on the same day: Case No. 05SC33332 related to crimes committed on May 11, 2005, and Case No. 05SC33359 related to crimes committed on July 7, 2005.

On Monday, December 5, 2005, Case No. 05SC33359 was called for trial. At the conclusion of the charge conference and after all evidence had been presented, the trial judge suggested that Agnew might want to consider whether he wanted to take responsibility in both cases. After a recess, Agnew's counsel informed the court that Agnew wanted to enter an *Alford* plea in both Case No. 05SC33359

---

[1] In the first appearance of this case, we remanded it to the trial court for completion of the record.

164

and Case No. 05SC33332. Before the plea proceedings began, the State clarified that Agnew was facing life without parole based upon a recidivist notice filed by the State the Friday before in Case No. 05SC33332. See OCGA § 17-10-7 (c). Agnew then entered an *Alford* plea in both cases, and the judge imposed identical concurrent sentences in both cases.

On December 19, 2005, Agnew moved to withdraw his plea in both cases because he did not have three previous convictions at the time he committed the crimes at issue and was therefore not faced with a potential sentence of life without parole in Case No. 05SC33332. At the conclusion of a March 9, 2006 hearing, the trial court denied the motion orally. A written order denying the motion was entered on April 17, 2007.

Agnew appealed to this court, arguing that he was entitled to withdraw his pleas because he did so based upon an affirmative misrepresentation. The State argued that an exhibit attached to its brief demonstrated that Agnew did have three previous convictions and that he was subject to life without parole. On June 16, 2008, we remanded this case to the trial court "for the limited purpose of deciding, after hearing argument, whether to include in the record on appeal the document [GCIC memorandum] attached to the State's brief as 'Exhibit 1.' " We reasoned that the exhibit appeared "to be determinative of the issue on appeal."

On October 29, 2009, the trial court issued a three page order discussing the merits of Agnew's motion to withdraw that noted a hearing held on October 23, 2009 in which "the [S]tate's exhibit and the transcript of the . . . motion to withdraw guilty plea hearing were admitted for the record." The record before us does not include a transcript of the October 23, 2009 hearing or the State's exhibit for which this case was remanded.

Despite this omission from the record, we can still resolve the issue before us based upon the State's concession that it erroneously represented that Agnew had three prior felony convictions and was facing a life without parole sentence in Case No. 05SC33332. Because Agnew decided to plead guilty to both cases at the same time, we cannot separate the harm caused by the State's erroneous representation that he was facing life without parole in one of the cases from the other. And because Agnew was given affirmative erroneous information at the time he decided to enter his guilty pleas, the trial court should have granted the motion to withdraw his guilty plea in both Case Nos. 05SC33332 and 05SC33359 to correct a manifest injustice. See *Rollins v. State*, 277 Ga. 488, 490 (1) (591 SE2d 796) (2004); *Clue v. State*, 273 Ga. App. 672, 673-675 (615 SE2d 800) (2005); *Barber v. State*, 231 Ga. App. 176, 177 (2) (498 SE2d 758) (1998). We must therefore reverse the trial court's denial of Agnew's

motion to withdraw his guilty pleas.

2. Agnew's remaining enumeration of error is rendered moot by our holding in Division 1.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 9, 2011 —
RECONSIDERATION DENIED APRIL 7, 2011.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.