**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 12, 2024**

# In the Court of Appeals of Georgia

A24A0311, A24A0312. THE STATE v. RAHAMAN; and vice
versa.

MCFADDEN, Presiding Judge.

The state charged Sifur Rahaman with several crimes arising from a physical altercation between him and another person at a wedding. After a jury trial, Rahaman was convicted of a lesser included offense, simple battery.[1] The trial court denied Rahaman's motion for new trial but, after finding that he had not been sent timely notice of the ruling, vacated and re-entered that order. These cross-appeals ensued.

In Case No. A24A0311, the state appeals from the trial court's order vacating and re-entering the order denying the motion for new trial, arguing that the trial court

---

[1] Rahaman was also convicted of another lesser included offense, simple assault, which the trial court merged into his simple battery conviction.

lacked jurisdiction to take those actions. We disagree because an earlier ruling of this court authorized the trial court's actions and is the law of the case, and because we cannot overrule or modify decisions of our Supreme Court that permit the trial court's actions. So we affirm in Case No. A24A0311.

In Case No. A24A0312, Rahaman appeals from the trial court order denying him a new trial. He argues that the trial court erred by not permitting him to reargue his closing to address supplemental jury charges about lesser included offenses, but he has not shown that he asked the trial court for the opportunity to reargue, so he has not shown that he is entitled to reversal. Rahaman also argues that some of the trial court's charges to the jury were erroneous, but he did not object to those charges at trial and he has not shown plain error. So we affirm in Case No. A24A0312.

1. *Jurisdiction to vacate and re-enter the order (Case No. A24A0311)*

Rahaman was convicted on January 26, 2018. He filed a motion for a new trial, which the trial court denied on November 12, 2020. Rahaman did not timely appeal from that order, but he later moved for an out-of-time appeal, asserting that he had not received timely notice of the November 2020 order. The state did not oppose the

motion, and the trial court granted Rahaman an out-of-time appeal. Rahaman then filed a notice of direct appeal.

While that appeal was pending before us, the Supreme Court of Georgia issued *Cook v. State*, 313 Ga. 471, 503-504 (3) (e) (870 SE2d 758) (2022), which held that a convicted defendant alleging that he was unconstitutionally deprived of his appeal as of right could no longer seek relief through the trial court out-of-time appeal procedure. So Rahaman asked us to remand the case to the trial court for that court to determine if he had been timely notified of the order denying his motion for new trial and, if not, to allow the trial court to re-enter the order. In support of his request, Rahaman cited *McCurley v. State*, 345 Ga. App. 856, 857 (1) (815 SE2d 188) (2018), a pre-*Cook* decision holding that if a trial court failed to timely notify a criminal defendant of an order denying a motion for new trial, the trial court could set aside and re-enter the order.

We granted Rahaman's motion and, also citing *McCurley*, entered an order vacating the trial court's order granting the motion for out-of-time appeal and remanding the case for the trial court to enter an order dismissing the out-of-time appeal and "to determine if Rahaman received timely notice of the denial of his

motion for new trial." On remand, the trial court found that Rahaman had neither been sent nor received timely notice of the denial order, and so the trial court vacated and re-entered that order .

The state argues that the trial court lacked jurisdiction to take those actions because the trial court acted outside the term of court in which she had issued the original order denying the motion for new trial. But when we granted Rahaman's motion in the earlier appeal, we remanded the case for that purpose. "Under the law-of-the-case rule, [our] prior determination [that the trial court could take such actions] is binding here. See OCGA § 9-11-60 (h)." *Norris v. State*, 316 Ga. 119, 120 (1) (884 SE2d 371) (2023), disapproved in part on other grounds at *Blash v. State*, 318 Ga. 325, 330 (1) (a) n. 3 (___ SE2d ___) (2024).

In support of its jurisdictional argument, the state asserts that *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684 n. 3 (777 SE2d 475) (2015), and *Cambron*'s progeny should be overruled "to the extent that they purport to confer authority on a trial court to vacate a judgment in a criminal case outside the term of court in which the judgment was

originally entered[,]" on the ground that the rationale of *Cook* no longer permits such actions by trial courts.

In *Cambron*, our Supreme Court held that

where no notice is sent by the trial court or by the clerk to the losing party, . . . an action may be brought under [OCGA § 9-11-60 (g)] to set aside the earlier judgment; and upon a finding that notice was not provided as required by [OCGA § 15-6-21 (c)], the motion to set aside may be granted, the judgment re-entered, and the thirty-day period within which the losing party must appeal will begin to run from the date of the re-entry.

*Cambron*, 246 Ga. at 148-149 (1). Although *Cambron* was a civil case, our Supreme Court has applied it to criminal cases, as well. See, e. g., *Moore v. State*, 308 Ga. 556, 557 (2) (842 SE2d 65) (2020); *Pierce v. State*, 289 Ga. 893, 894-895 (2) (717 SE2d 202) (2011). These decisions provide that whether a case is civil or criminal, if the notice required by OCGA § 15-6-21 (c) is not given, the trial court may vacate and re-enter the judgment.

The state argues that, under the rationale of *Cook*, we should no longer apply the rule in *Cambron* to criminal cases. *Cook*, the state argues, holds that a trial court in a criminal case does not have jurisdiction to act outside of the term of court in a

criminal case, even to provide the remedy allowed by *Cambron*. So, it argues, *Cambron* and its progeny fall in the face of *Cook*, at least in criminal cases. But *Cook* rests on the concern that our former out-of-time appeals rule was wholly judge-created. *Cook*, 313 Ga. at 479 (2) (a). In contrast, the rule in *Cambron* is not wholly judge-created. It is founded on a statutory duty of the courts set out in OCGA § 15-6-21 (c). *Cambron*, 246 Ga. at 148 (1). That statute is part of Title 15, which applies both to civil and criminal cases.

In any event, *Cook* does not address *Cambron,* either expressly or by clear implication. So we are bound by both cases. "[W]e have no authority to overrule or modify a decision made by the Supreme Court of Georgia, as the decisions of the Supreme Court shall bind all other courts as precedents." *Watson v. State*, 337 Ga. App. 16, 18 (1) (785 SE2d 656) (2016) (citation and punctuation omitted).

2. *Merits of the motion for new trial (Case No. A24A0312)*

Rahaman argues that the trial court should have granted his motion for new trial because the trial court erred by failing to permit his counsel to reargue his closing when the trial court, during deliberations, instructed the jury on lesser included

offenses. He also argues that other jury charges were erroneous. We find no reversible error.

(a) *Failure to permit counsel to reargue closing*

Initially, the trial court did not instruct the jury on any lesser included offenses. But during deliberations, the jury asked the trial court: "Is it possible for lesser charges, definitions on lesser charges?" Over Rahaman's objection, the trial court decided to give supplemental charges on lesser included offenses.

Rahaman does not enumerate as error the trial court's decision to give the supplemental charges. Indeed, a trial court "may, of [her] own volition and in [her] discretion, charge on a lesser crime of that included in the indictment or accusation." *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). And she may do so in response to a jury question after deliberations have begun. *Garr v. State*, 347 Ga. App. 555, 557-558 (3) (820 SE2d 193) (2018).

Instead, Rahaman argues that the trial court erred by not permitting him to give additional closing argument regarding the lesser included offenses. But once the trial court decided to give the supplemental charges, Rahaman's "remedy . . . was to request the right to argue the law regarding [the lesser included offenses] to the jury

7

and elicit a ruling on his request from the trial court." *Pennyman v. State*, 205 Ga. App. 872, 873 (2) (424 SE2d 64) (1992). To preserve an argument that the trial court erred in giving the supplemental charges without allowing him to make additional closing argument, Rahaman had to make that request. See *Osei-Owusu v. State*, 319 Ga. App. 33, 37 (3) (735 SE2d 75) (2012) (requiring a defendant to "request the right to argue the matter contained in the instruction to the jury" to preserve that argument for appeal); See also *Harper v. State*, 182 Ga. App. 760, 762 (2) (357 SE2d 117) (1987) (even where there is "occasion for reargument, in the absence of a request to reargue there would be no error" if reargument did not occur).

The trial court found that Rahaman did not request additional argument. In denying Rahaman's motion for new trial, she stated that "[a]t no point did trial counsel say anything that would have conveyed to the trial judge that additional argument was being requested and that a ruling on that request was needed." And the record supports this construction.

The record shows that Rahaman's counsel mentioned reargument once in connection with the supplemental charges. But he did so specifically in the context of asserting that the trial court lacked authority to give the charges, and he did so *before*

the trial court ruled on the issue. Once the trial court decided to give the charges, Rahaman's counsel did not ask to reargue them; he made no further objection or statement on the issue of reargument. And when the trial court asked if there was "anything else" after giving the charges, Rahaman's counsel responded in the negative.

Given the timing and context of counsel's reference to reargument, the trial court was authorized to find that Rahaman's counsel did not "say anything that would have conveyed to the trial judge that additional argument was being requested and that a ruling on that request was needed." Instead,

> counsel's objection was susceptible of being construed, and was apparently construed by the court, as an objection to the court[ giving the lesser-included charges in the first place, not as a request to reargue if such charges were given]. . . . Accordingly, the trial court did not refuse to allow reargument to the jury [on the new charges].

*Thompson v. State*, 154 Ga. App. 704, 707-708 (3) (269 SE2d 474) (1980) (punctuation omitted). Under these circumstances, Rahaman has not shown reversible error. See *Cochran v. State*, 276 Ga. App. 840, 841 (625 SE2d 92) (2005).

(b) *Allegedly erroneous jury charges*

9

Rahaman argues that several jury charges were erroneous. He points to charges related to his justification defense, arguing that they contained misstatements. And he points to a charge that the trial court gave after the jury announced it could not reach a unanimous verdict, which he alleges was impermissibly coercive.

Because Rahaman did not object to these charges, we review them for plain error. See *Holmes v. State*, 311 Ga. 698, 702 (2) (859 SE2d 475) (2021). To show plain error, Rahaman "must demonstrate that the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. Satisfying all four prongs of this standard is difficult, as it should be." *Hill v. State*, 310 Ga. 180, 194 (11) (a) (850 SE2d 110) (2020) (citation and punctuation omitted). He has not met this burden.

(i) *Charges on justification*

At trial, Rahaman claimed that he acted in self defense. He argues that the trial court made several mistakes while charging the jury on matters related to that justification defense.

10

The trial court charged the jury that "[a] person is justified *when threatened with* using force against another person when and to the extent that he reasonably believes that such threat or force is necessary to defend himself against another person's use of force." (Emphasis supplied.) Rahaman argues the trial court should have stated "justified *in threatening or* using force. . . ." Suggested Pattern Jury Instructions, Vol . II: Criminal Cases § 3.10.10 (updated July 2017) (emphasis supplied).[2]

The trial court charged that "[a] person is justified in using force that is intended to or likely to cause death or great bodily harm only if that person reasonably believe[s] that such force is necessary to prevent death or great bodily injury to himself, or a third person, or to commit the — excuse me, or to prevent the *condition* of a forcible felony." (Emphasis supplied.) Rahaman argues the trial court should have stated "*commission* of a forcible felony." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.10.10 (updated July 2017) (emphasis supplied).

The trial court charged that "[t]he standard is whether the circumstances were such that they would excite the fears of a reasonable person. For the use of force to be justified under the law, the accused must truly have acted under the influence of these

---

[2] We cite to the version of the pattern jury instructions in existence at the time of Rahaman's January 2018 trial.

*spirits* and not under the spirit of revenge." (Emphasis supplied.) Rahaman argues the trial court should have stated "must truly have acted under the influence of these *fears* . . . ." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.10.12 (updated July 2017) (emphasis supplied).

The trial court charged, "*[b]ut* the facts are in this case is a matter solely for you . . . ." (Emphasis supplied.) Rahaman argues that the trial court should have stated "*what* the facts are . . . ."

The trial court charged that

> [o]ne who is not the aggressor is not required to retreat before being justified in using such force as is necessary for personal defense or *is* using force that is likely to cause death or great bodily harm if one reasonably believes such force is necessary to prevent death or great bodily injury to yourself or a third person to prevent the commission of a forcible felony.

(Emphasis supplied.) Rahaman argues that the trial court should have stated "or *in* using force that is likely to cause death or great bodily harm . . . ." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.10.13 (updated July 2017) (emphasis supplied).

Finally, the trial court charged that "the Defendant's conduct in this case would not be justified if you find that the force used exceeded that which the Defendant reasonably believed was necessary, *defense* against the victim's use of unlawful force." (Emphasis supplied.) Rahaman argues that the trial court should have stated "necessary *to defend* against the victim's use of unlawful force . . . ." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.16.20 (updated July 2017) (emphasis supplied).

It is possible that at least some of the words and phrases highlighted by Rahaman were transcription errors. But assuming they were not, the misstatements appear to be slips of the tongue, and when taken in context and in light of the jury charge as a whole we do not find them misleading or confusing as to the law governing Rahaman's justification defense. "[T]he general rule . . . is that the existence of a mere verbal inaccuracy in a jury instruction, resulting from a palpable slip of the tongue and which could not have misled or confused the jury will not provide a basis for reversal of a defendant's conviction." *Green v. State*, 291 Ga. 287, 294 (8) (a) (728 SE2d 668) (2012) (citations and punctuation omitted). Indeed, our Supreme Court has held that such verbal inaccuracies do not make a charge legally erroneous. See id.

at 294-295 (8) (a). So Rahaman has not shown plain error regarding these charges. See *Issa v. State*, 340 Ga. App. 327, 337 (4) (796 SE2d 725) (2017) (holding that, viewing the jury charges as a whole, a verbal inaccuracy in an aggravated assault instruction "did not constitute plain error").

(ii) *Charge on unanimous decision*

From the transcript, it appears that the jury began deliberating around lunchtime on the final day of the trial, and at 4:30 that afternoon the jury informed the trial court that it could not reach a unanimous decision. With the consent of both the prosecutor and defense counsel, the trial court instructed the jury, "Ladies and gentlemen, you need to continue your efforts to reach a unanimous decision as to all counts of the indictment." Later that day the jury reached a verdict.

Rahaman argues that the charge was impermissibly coercive. "When a defendant claims that the trial court coerced a verdict by its charge, we look to the totality of the circumstances, and we consider whether the charge was coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." *Porras v. State*, 295 Ga. 412, 419 (3) (761 SE2d 6) (2014) (citation and punctuation omitted).

A court may require a jury to continue deliberations after the jury has reported that it cannot reach a unanimous verdict. See *Porras*, 295 Ga. at 418-420 (3). And "while a court should not instruct a jury that it is absolutely required to reach a verdict, it is permissible to instruct a jury that any verdict that it does agree on must be unanimous." *Drayton v. State*, 297 Ga. 743, 748 (2) (b) (778 SE2d 179) (2015) (citation and punctuation omitted). The trial court in this case did just that; she instructed the jury to continue deliberating after the jury reported that it could not reach a unanimous decision, but did not tell the jury that it must reach a verdict.

Consequently, Rahaman has not shown that the trial court erred in giving the charge, much less that any error was "obvious beyond reasonable dispute[.]" *Hill*, 310 Ga. at 194 (11) (a) (citation and punctuation omitted). So he has not shown plain error.

*Judgments affirmed. Mercier, C. J., and Rickman, J., concur.*