### 40276. ALLIGOOD v. THE STATE.

JORDAN, Judge. On March 14, 1963, a plea of guilty to the charge of possessing nontax-paid liquor was entered by the defendant in the City Court of Swainsboro, and sentence was imposed thereon by the court. Subsequently, on March 23, 1963, the defendant filed a motion for new trial, and on the same date he made an oral motion to the court to allow the withdrawal of his plea of guilty, and an oral motion to vacate the sentence and judgment of the court. Said oral motions were denied, and

on March 30, 1963, the court entered an order disapproving the defendant's brief of evidence and dismissing his motion for new trial. The defendant assigns error on this judgment and on the antecedent orders denying his oral motions. *Held:*

1. "One who has filed a plea of guilty in a criminal case cannot move for a new trial. Where one accused of crime voluntarily pleads guilty to the charge, a new trial cannot be granted; for there was no verdict. A plea of guilty may, as a matter of right, be withdrawn before sentence; and after sentence the judge may permit it to be withdrawn upon meritorious grounds, addressed to his discretion; but neither before nor after sentence can a motion for a new trial be employed as a means of withdrawing a plea of guilty." *Bearden v. State,* 13 Ga. App. 264 (1) (79 SE 79). The defendant having entered a plea of guilty to the offense with which he was charged, the trial court did not err in dismissing his motion for new trial and in disapproving the brief of evidence filed in connection therewith. *Welch v. State,* 63 Ga. App. 277 (1) (11 SE2d 42).

2. The remaining assignments of error in the bill of exceptions which merely aver that the orders of court denying the defendant's oral motions to the court to allow the withdrawal of the plea of guilty and to vacate the sentence and judgment of court were "contrary to law" without setting forth the grounds upon which said oral motions were based and without specifying the reasons why said orders were alleged to be erroneous are too general and incomplete to present any question for consideration by this court. *Callaway v. City of Atlanta,* 6 Ga. App. 354 (2) (64 SE 1105); *Daniel v. Boykin,* 211 Ga. 43 (1) (84 SE2d 48); *Sherrill v. Sherrill,* 202 Ga. 288 (2) (42 SE2d 921).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

Decided October 8, 1963.

*Joseph H. Briley,* for plaintiff in error.
*H. R. Thompson, Solicitor pro tem,* contra.