## 48511. GALBREATH v. THE STATE.

QUILLIAN, Judge. This appeal arose out of the defendant's entry of a plea of guilty to the offense of voluntary manslaughter. The defendant was duly sentenced to a full term of 10 years confinement in the penitentiary. Within the time prescribed by law the defendant filed what was denominated a motion for new trial. This motion was predicated on two grounds: that the verdict was contrary to law and that defendant for several reasons including emotional trauma was not fully able to comprehend the effect of the plea which she entered.

The "motion for new trial" came on for hearing at which evidence was introduced with regard to the voluntariness of the defendant's plea. After the hearing the trial judge overruled the motion and appeal was taken to this court. *Held:*

In *Bearden v. State,* 13 Ga. App. 264 (1) (79 SE 79), this court held: "One who has filed a plea of guilty in a criminal case can not move for a new trial. Where one accused of crime voluntarily pleads guilty to the charge, a new trial can not be granted; for there was no verdict. A plea of guilty may, as a matter of right, be withdrawn before sentence; and after sentence the judge may permit it to be withdrawn upon meritorious grounds, addressed to his discretion; but neither before nor after sentence can a motion for a new trial be employed as a means of withdrawing a plea of guilty." See also *Welch v. State,* 63 Ga. App. 277 (11 SE2d 42); *Alligood v. State,* 108 Ga. App. 453 (133 SE2d 431).

Recognizing that substance and not mere nomenclature controls in a situation of this sort, we consider the motion as one to withdraw the plea of guilty. Although before sentence is pronounced, the defendant had the right to withdraw her guilty plea, afterwards the matter was addressed to the sound discretion of the trial judge. Code § 27-1404. *Griffin v. State,* 12 Ga. App. 615 (77 SE 1080); *Marshall v. State,* 128 Ga. App. 413 (197 SE2d 161).

In *Purvis v. Connell,* 227 Ga. 764, 766 (182 SE2d 892), the Supreme Court dealt at length with the effect of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). It was pointed out there that the accused was entitled to the "utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Here the record reveals that prior to the sentencing the trial judge thoroughly interrogated the defendant

in order to ascertain that the defendant understood her rights and understood the offense and the consequences of her plea of guilty of such offense. Among the questions asked of the defendant (followed by the answers in brackets) were: Has your attorney discussed this offense with you [yes]; do you understand the nature of the charge made against you [yes]; do you understand you have the right to either plead guilty or not guilty (followed by an explanation of what those pleas would mean) [yes]; do you understand that the penalty for this offense is from one to twenty years [yes]; has anyone promised you any easier sentence or threatened or coerced you in any way [no]; are you under the influence of any medicine and intoxicant or any drugs of any nature [no]; how do you wish to plead [guilty]; are you making your plea of guilty freely and voluntarily [yes]; do you have any objection to the way your attorney is handling the case [no]. The trial judge also asked the defendant's attorney if he had explained to her all of her statutory and constitutional rights in the case [yes]; if he knew of any reason why the defendant should not enter her plea of guilty or why the court should not accept such plea [no].

On the hearing of the motion there was a conflict in the evidence as to whether the defendant knowingly and without coercion entered the plea of guilty. In short, there was a question of credibility. In *Anglin v. Caldwell,* 227 Ga. 584, 585 (182 SE2d 120), the Supreme Court pointed out: "The question of credibility was an essential element in the conclusion of the trial judge in the present case, and he was authorized to give greater credibility to the record of the prisoner's arraignment than to his testimony at the hearing." See also *Calhoun v. Caldwell,* 228 Ga. 804, 805 (188 SE2d 498); *Crawford v. Caldwell,* 229 Ga. 809, 810 (194 SE2d 470). Here the constitutional standards were met and there is no evidence to demand a finding that the trial judge abused his discretion in failing to allow the plaintiff to withdraw her plea.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 11, 1973 — DECIDED NOVEMBER 5, 1973.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney,* for appellee.