63339, 63340. AMOS v. THE STATE (two cases).

MCMURRAY, Presiding Judge.
Defendant was indicted for the offense of theft by taking of a camper cover of the value of $300, a felony. He was also charged by accusation with unlawfully permitting an unlicensed person to drive a motor vehicle. At trial he changed his pleas of not guilty to guilty and was sentenced to 12 months for the misdemeanor to be served concurrently with a three-year sentence for theft by taking. However, the last year of the felony sentence could be served on probation upon the payment of a fine of $5,000, including costs.

Thereafter, in both cases in the trial court (Indictment No. 9378 and Accusation No. 9251) defendant filed an extraordinary motion for new trial contending that since the rendition of the verdicts of guilty he has discovered material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, which will authorize and require that he be granted a new trial, the same being not due to any want of diligence of the defense. The defendant further contended that the evidence was not acquired sooner and is so material that it would probably produce a different result. By amendment he contended that the testimony of one Jackie Camper (apparently the same Jackie Camper that he is charged with allowing to drive a motor vehicle without first obtaining a valid driver's license) would be that he (defendant) did purchase the property he was accused of stealing and that this testimony (Camper's) was not available to movant at the time of trial. Attached to the amendment to the motion was the affidavit of Camper who deposed under oath that he was personally with the defendant when defendant paid $40 for the purchase of the camper top for his pick-up truck, "said camper top being the same as the one" for which

defendant was indicted and convicted of theft by taking. No evidence at all was presented with reference to the extraordinary motion for new trial in the accusation case. Both motions came on for a hearing on the same date and were denied. The trial court, in the theft by taking case, set forth that the defendant did not appear at the hearing, hence the motion was denied. Defendant appeals in each case. *Held:*

1. The notice of appeal in each case refers to the fact that a transcript of evidence and proceedings would not be filed for inclusion in the record. It is noted here that in the brief of the appellee, the district attorney refers to a transcript apparently taken with reference to pleas of guilty of the defendant and his co-defendant (Jackie L. Camper) contending both were charged with the theft of the camper top and with reference to the examination by the trial court as to their constitutional rights in the handling of the pleas of guilty to both charges. However, we find no such transcript as a part of the record here. We proceed, however, to consideration of the appeals in which no such transcript has been filed and the court orders in both cases reciting that the extraordinary motions were denied after consideration.

Defendant's argument is that he had paid for the camper cover, but at the time he went to trial he didn't know of any witness other than himself who would testify to that effect, and he accepted the recommended sentence substantially less than the maximum by entering the plea of guilty. Subsequent to said sentence defendant contends he discovered a witness "his co-defendant, [who] would come forth and testify for him," contending said testimony was not cumulative, and if this witness had been available at trial he would not have been forced to enter a plea of guilty, and this witness' testimony might have resulted in a verdict of acquittal. As to the accusation, he contends that he did not have reason to suspect the other person (the co-defendant) would be without a license as they both worked for the same employer who required that his employees have a driver's license and he discovered subsequently to the trial and his plea of guilty that the co-defendant would come forth and testify for him, contending this testimony was not cumulative and if this witness had been available at trial defendant would not have been forced to enter a plea and this witness' testimony might have resulted in a verdict of acquittal. It is noted that defendant has made no effort to withdraw his plea of guilty in either case, and it must be assumed that he does not contest the voluntariness of his plea. A valid plea of guilty stands on the same footing as a conviction by a jury. *Carter v. State,* 204 Ga. 242, 244 (49 SE2d 492). It was " 'a waiver of all defense known and unknown,' " by the defendant. *Goodwin v. Smith,* 226 Ga.

118 (172 SE2d 661). See also *Snell v. Smith,* 228 Ga. 249, 250 (184 SE2d 645); *Brown v. Caldwell,* 229 Ga. 186 (1) (190 SE2d 52); *Williams v. Caldwell,* 229 Ga. 453, 454 (2) (192 SE2d 378).

2. Further, if there was no verdict of guilty there can be no trial as the defendant waived trial upon his pleading guilty. One who has entered a plea of guilty cannot move for a new trial. See *Crosby v. State,* 148 Ga. App. 215 (1) (251 SE2d 81); *Alligood v. State,* 108 Ga. App. 453, 454 (1) (133 SE2d 431); *Bearden v. State,* 13 Ga. App. 264 (1), 265-266 (79 SE 79). Further, where at no time has a defendant sought to withdraw his plea of guilty a motion for new trial cannot be employed as a motion of withdrawing the plea. See *Wofford v. State,* 141 Ga. App. 207 (233 SE2d 53). Compare *Lee v. State,* 146 Ga. App. 189, 191 (II, III), 192 (245 SE2d 878).

3. Here the defendant has only made a general statement that he did not know of the co-defendant's evidence and could not have discovered it by the exercise of ordinary diligence. Such general statements by the defendant and counsel that they did not know of the evidence and could not have discovered it by the exercise of due diligence are insufficient. See *James v. State,* 115 Ga. App. 822, 823-824 (156 SE2d 183). Surely the defendant was aware of his co-defendant and of his knowledge at the time he entered the plea. The mere allegation and the affidavit of the co-defendant is simply insufficient to hold that the trial court abused its discretion in refusing to grant a new trial. See *Atkins v. State,* 228 Ga. 578, 580 (4) (187 SE2d 132).

There is no merit in the enumerations of error contending that the trial court erred "because it erroneously did not give proper consideration" to the proposed newly discovered evidence.

*Judgments affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 16, 1982.

*Eugene S. Taylor,* for appellant.

*David L. Lomenick, District Attorney, Ralph Van Pelt, Assistant District Attorney,* for appellee.