## 67404. STOKES v. THE STATE.

McMurray, Chief Judge.

The defendant was charged with the offenses of burglary, theft of lost or misplaced property and carrying a concealed weapon. During the trial he elected to enter a plea of guilty to the offenses of theft by taking and carrying a concealed weapon. After his plea was entered he was sentenced to serve a term of eight years for theft by taking and one year as to carrying a concealed weapon to run concurrently. Defendant appeals the judgment of conviction and sentence. *Held:*

Defendant's appointed counsel has filed a motion to withdraw on the ground that the appeal was wholly frivolous under Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), and *Bethay v. State,* 237 Ga. 625 (229 SE2d 406). All requirements of Anders v. California, supra, and *Bethay v. State,* supra, have been met. After careful examination of the record and transcript we granted counsel permission to withdraw. The defendant has been notified of this action and of his options by reason thereof. Since the withdrawal of counsel, defendant has raised no further enumeration of error or valid ground for appeal.

In the brief prepared in accordance with *Bethay v. State,* supra, counsel contends that the record did not indicate affirmatively that the defendant's plea was freely and voluntarily given. We disagree as the court made an adequate record to indicate the plea was intelligently, knowingly and voluntarily entered. See *Hamm v. State,* 123 Ga. App. 10 (179 SE2d 272); *McKennon v. State,* 63 Ga. App. 466 (11 SE2d 416); *Goss v. State,* 161 Ga. App. 539, 540 (288 SE2d 253). Further, there has been no effort made to withdraw the guilty plea. See *Amos v. State,* 161 Ga. App. 281, 282 (287 SE2d 743); *Crosby v. State,* 148 Ga. App. 215 (1) (251 SE2d 81); *Wofford v. State,* 141 Ga. App. 207 (233 SE2d 53).

Counsel next contends the defendant was coerced into entering the plea. Our examination of the transcript shows clearly that this was not the case. There is no merit in this argument.

The remaining argument that counsel makes is that the elements of the crime were never explained to the defendant. The defendant was already on trial for crimes charged in an indictment which contains many of the elements, if not all, of the crimes to which he pleaded guilty. In addition, it is clear that the elements of the crimes to which the defendant pleaded guilty were made clear to him as shown in the transcript, particularly in that he was required by the court to admit the circumstances in which he committed the crimes to which he was pleading guilty. We find no error in the trial court's

acceptance of the defendant's plea of guilty in the case sub judice. *Judgment affirmed. Shulman P. J., and Birdsong, J., concur.*

DECIDED JANUARY 5, 1984.

*H. Lamar Cole, District Attorney,* for appellee.