## 67333. STEVENS v. THE STATE.

McMURRAY, Chief Judge.

Defendant was indicted separately for three distinct incidents in which he sold a quantity of marijuana to another and therein is charged with the offense of violation of the Georgia Controlled Substances Act. The defendant entered a plea of guilty to the three separate charges and was sentenced.

The defendant has moved for a new trial and the trial court considered its substance, rather than form, as being one to withdraw the plea of guilty. After consideration of same it was denied, and the defendant appeals. *Held:*

The state has moved to dismiss for the failure to file any enumeration of error. However, the defendant has filed a voluminous document which this court treats as enumerating various errors to the denial of the withdrawal of his guilty plea as well as a brief in support of same. We proceed to review based on this document.

1. His first complaint is that he was mentally ill, that is, "not himself" and his case should have been handled as one involving a mentally ill person. Examination of the trial court's order denying the withdrawal of his plea of guilty shows clearly that the trial court considered, in accepting the plea, whether or not the plea of guilty was intelligently and voluntarily entered and determined the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea and found the guilty plea was intelligently, knowingly and voluntarily entered. See *Roberts v. Greenway,* 233 Ga. 473, 475 (1) (211 SE2d 764). Compare *Purvis v. Connell,* 227 Ga. 764, 768 (182 SE2d 892). Accordingly, we find no merit in this complaint as the trial court has in no wise abused its discretion in its acceptance of the defendant's guilty plea and in sentencing him upon the plea of guilty.

2. Defendant seeks to have us examine the evidence with reference to his conviction and sentence as being a motion in the nature of one seeking a new trial. However, as one who has filed a plea

of guilty in a criminal case, he cannot move for a new trial as there has been no verdict. See *Alligood v. State,* 108 Ga. App. 453, 454 (1) (133 SE2d 431); *Bearden v. State,* 13 Ga. App. 264 (1) (79 SE 79). Compare *Conlogue v. State,* 243 Ga. 141, 144 (253 SE2d 168); *Amos v. State,* 161 Ga. App. 281, 283 (2) (287 SE2d 743). Consequently, all enumerations of error involving consideration of evidence and alleged harmful error committed during a trial cannot be considered.

3. The matter addressed being within the sound discretion of the trial court and finding no abuse, we affirm the judgment. See OCGA § 17-7-93 (formerly Code Ann. § 27-1404); *Marshall v. State,* 128 Ga. App. 413 (1) (197 SE2d 161).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 31, 1984.

Curtis Stevens, *pro se.*

*Glenn Thomas, Jr.,* District Attorney, *John B. Johnson III, Chief Assistant District Attorney,* for appellee.