A97A1603. VAUGHN v. THE STATE.
(491 SE2d 426)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with six counts of burglary, three counts of theft by taking, one count of fleeing to elude a police officer and one count of being a habitual felon in violation of OCGA § 17-10-7. Defendant elected to represent himself about a week and a half before trial and appeared, pro se, at the trial calendar. Before defendant's case was called for trial, however, defendant decided to accept a plea bargain that had been negotiated by his court-appointed attorney several weeks earlier. In exchange for reduced sentences, defendant pleaded guilty to six counts of burglary, three counts of theft by taking and one count of fleeing to elude a police officer. Although defendant was acting pro se during these proceedings, his court-appointed attorney was in court waiting to assist defendant during the upcoming jury trial. This appeal followed the denial of defendant's motion to withdraw his guilty pleas. *Held*:

Defendant contends he did not knowingly, freely and voluntarily enter the above guilty pleas, arguing that he was mentally incapacitated during the guilty plea hearing by "a forceful injection of an anti-psychotic drug at the hospital [emergency room over a day and a half before the guilty plea hearing and by] anti-psychotic drugs [he was given] at the jail on a regular basis."

The guilty plea hearing transcript reveals that the trial court interrogated defendant in substantial conformity with the requirements of Uniform Superior Court Rules 33.2 (B), 33.7, 33.8, and 33.9

and that defendant knowingly, freely and voluntarily entered guilty pleas to the above offenses. See *Logan v. State*, 256 Ga. 664 (352 SE2d 567); *State v. Germany*, 245 Ga. 326 (265 SE2d 13), and *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892). Specifically, defendant affirmed at this hearing that he was not under the influence of alcohol, narcotics or drugs. This affirmation, however, was refuted at a hearing on defendant's motion to withdraw his guilty pleas by evidence that defendant was under the influence of the anti-depressant drug "Zoloft" and the neuroleptic drug "Thorazine" on the day of the guilty plea hearing and that defendant had been given an injection of the neuroleptic drug "Haldol" over a day and a half before the guilty plea hearing. Under such circumstances, we must decide whether the trial court abused its discretion in finding that defendant's mental condition did not prevent his pleas "from meeting the constitutional test." *Mock v. State*, 218 Ga. App. 514, 516 (1) (462 SE2d 429).

In the case sub judice, the State's expert witness testified that the relatively small dose of "Haldol" administered to defendant about a day and a half before the guilty plea hearing (ten milligrams) would not normally affect a person's mental capacity twenty-four hours after the dose was administered. This expert also testified that "Zoloft" has "real low side effects" and that "most people that take it can't even tell they're taking it." The State's expert explained that "Thorazine does have some sedation effects to it," but that the dosage defendant was taking on the day of the guilty plea hearing should not have incapacitated defendant mentally. This expert concluded by explaining that "Thorazine" is a drug that is intended to improve — rather than impair — a mentally impaired person's ability to think rationally. This evidence and proof that defendant was rational and coherent during the guilty plea hearing authorizes the trial court's findings that defendant's guilty pleas were knowingly, freely and voluntarily entered. "Whether to allow the withdrawal of a voluntary, intelligently entered guilty plea after the pronouncement of sentence remained within the sound legal discretion of the trial court. *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980)." *Paino v. State*, 209 Ga. App. 87, 88 (432 SE2d 599). The trial court did not abuse its discretion in the case sub judice.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 18, 1997.

*Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.