A98A0490. MANUES v. THE STATE.
(501 SE2d 826)

POPE, Presiding Judge.

Along with several co-defendants, Thomas Manues was charged with conspiring to possess methcathinone with intent to distribute; conspiring to traffick in methamphetamine; conspiring to possess methamphetamine with intent to distribute; theft by receiving a stolen firearm; possession of methcathinone; giving a false name; driving without a license; possession of a firearm by a convicted felon; and being a recidivist. In exchange for the State's agreement to drop the recidivist count and the charges of conspiracy to traffick in methamphetamine and to possess methamphetamine with intent to distribute, Manues pled guilty to the remaining charges. The court sentenced Manues to a total of 20 years in prison and a $10,000 fine but agreed to consider reducing that sentence following a post-sentence investigation. Before the hearing on the post-sentence investigation, Manues moved to withdraw his guilty plea. The trial court denied the motion, and we affirm its judgment.

First, we note that Manues did not move to withdraw his plea until after the trial court pronounced his sentence. Therefore, he had no right to withdraw the plea pursuant to OCGA § 17-7-93 (b) even though he tried to do so before the court addressed his request to reduce the sentence. See *Giddeons v. State*, 156 Ga. App. 800, 801 (275 SE2d 370) (1980). Therefore, we must determine whether the

trial court properly found that the State met its burden of showing, by the record, that Manues entered his plea freely and voluntarily with an understanding of the nature of the charges against him and an understanding of the consequences of his plea. *King v. State*, 226 Ga. App. 576, 579-580 (1) (486 SE2d 904) (1997). The trial court's decision will be upheld absent an abuse of discretion. *Moore v. State*, 225 Ga. App. 860, 861 (1) (485 SE2d 552) (1997).

The record establishes that the trial court complied with Uniform Superior Court Rules 33.8, 33.9, and 33.11 when it accepted the plea. Manues filled out a "Petition to Enter Plea of Guilty," attached as an appendix to this opinion, in which he swore that he was 44 years old and had an eleventh grade education, could read and write, was not under the influence of any drugs or alcohol, had reviewed his indictment, discussed the case with his attorney, was satisfied with his attorney, understood each of his enumerated constitutional rights, understood the maximum sentence, and understood that he was entering a negotiated plea but that the court could reject that plea agreement. He stated that he was in fact a party to the crimes of possession with intent to distribute unlawful drugs, theft by receiving a firearm, and possessing a firearm after having been convicted of a felony. He also admitted driving a vehicle without a license and having another person's driver's license. He averred that he desired to plead guilty, and that he did so freely and voluntarily. On this same form, his attorney verified that she had explained to Manues each of his rights and knew of no reason the court should not accept the guilty plea. Finally, the court determined on this form that the plea was freely and voluntarily made. At the plea hearing, the prosecutor explained the charges and the plea agreement. Manues signed his petition to enter the guilty plea in open court, and the trial judge went over the document with him. Again, on the record, the court made the determination that the plea was properly entered. The record supports the trial court's finding that Manues entered the plea knowingly and voluntarily. See *Moore*, 225 Ga. App. at 861-862.

At the hearing on his motion to withdraw the plea, Manues changed his prior sworn statement and testified that he did not commit any crimes, that he was very tired when he entered the plea, and that he did so only because he hoped to get a lesser sentence. These contentions do not require a different result. First, the hope of a lesser sentence is not the type of coercion that prevents the voluntary entry of a guilty plea. See *Moore*, 225 Ga. App. at 862. Second, given Manues' first sworn statements at the plea hearing, his later contradictory testimony presented a question of credibility which the trial judge was entitled to resolve against him. See *Neal v. State*, 216 Ga. App. 223, 224 (453 SE2d 807) (1995); *Galbreath v. State*, 130 Ga. App. 179, 180 (202 SE2d 562) (1973).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

456

# APPENDIX.

IN THE SUPERIOR COURT
THE COUNTY OF _GILMER_
STATE OF GEORGIA

STATE OF GEORGIA, Plaintiff

VS

CASE NO. 96 CR - 42

THOMAS MANUES, Defendant

Counts. 1, 4, 5, 6, 7, 19

## PETITION TO ENTER PLEA OF GUILTY

I, the named defendant, hereby state to the Court that I wish to enter a plea of GUILTY to the above numbered indictment.

In connection with that plea of GUILTY, I inform the Court that the answers to the following questions are true:

1. What is your name? Thomas Manues

2. What is your age? 44

3. How much education have you had? 11th

4. Are you able to read and write? — Yes X, No ___

5. Are you now under the influence of any alcohol, intoxicants or any drugs? — Yes ___, No X

6. To your knowledge, do you now suffer from any mental or emotional disability? — Yes ___, No X

7. Have you received a copy of the indictment in this case? — Yes X, No ___

8. Have you read it or had it read and explained to you? — Yes X, No ___

9. Do you fully understand the charges against you? — Yes X, No ___

10. Have you had enough time to talk with your lawyer about your case? — Yes ___, No ___

11. Have you discussed your case fully and explained everything you know about it to your lawyer including all of the facts and circumstances surrounding any statement, confession or other evidence obtained from you by anyone? — Yes X, No ___

12. Has your lawyer advised you of the nature of the charges against you and any possible defenses you may have including the right to challenge the legality of any statement, confession or other evidence obtained or seized from you? — Yes X, No ___

13. Do you understand that you have a right to plead NOT GUILTY to every charge filed against you? — Yes X, No ___

14. Do you understand that if you plead NOT GUILTY you have a right to a speedy public trial by a judge and jury? — Yes X, No ___

15. Do you understand that if you plead NOT GUILTY you have a right to confront, that is to see, hear, question and cross-examine the witnesses called to testify against you at trial? — Yes X, No ___

16. Do you understand that if you plead NOT GUILTY you have a right to use the subpoena power of the Court to require the attendance of any witnesses on your behalf, whether they want to come or not? — Yes X, No ___

17. Do you understand that if you plead NOT GUILTY you have the right to testify or not testify, as you choose, that you cannot be required to testify and that if you do not testify the jury cannot take that as evidence against you? — Yes X, No ___

18. Do you understand that if you plead NOT GUILTY you will be presumed to be innocent and that before you can be convicted the prosecution will have the duty of proving your guilt beyond a reasonable doubt? — Yes X, No ___

19. Do you understand that, in the event you were convicted in a trial, you would have the right to appeal your conviction? — Yes X, No ___

20. Do you understand that if you plead GUILTY you will have waived, that is, given up, each of the rights mentioned in questions 13 through 19? — Yes X, No ___

21. Do you realize that if you plead GUILTY the Court may impose the same punishment as if you had pleaded NOT GUILTY and been convicted? — Yes X, No ___

22. Do you know that the sentence you will receive is solely a matter for the judge to decide? — Yes X, No ___

23. Have you been advised of the maximum punishment provided by law for the offense or offenses to which you want to plead GUILTY? — Yes X, No ___

What is it? 47 years  $302,000.

24. Do you realize that if you plead GUILTY the Court may sentence you to the maximum punishment authorized by law for the offense or offenses to which you plead GUILTY? — Yes X, No ___

25. If you are now on probation or parole, do you know that by pleading GUILTY here you probation or parole may be revoked and that you may be required to serve time in that case in addition to the sentence imposed upon you in this case? — Yes X, No ___

26. If you are now serving another sentence, do you know that the sentence in this case could be made follow the sentence you are now serving? Yes X No X

27. Has any person used threats, force, pressure or intimidation to make you plead GUILTY? Yes___ No X

28. Has any promise been made by anyone which causes you to plead GUILTY? Yes___ No X

29. Has any person suggested to you or led you to believe that you will be placed on probation or be given a lighter sentence or otherwise rewarded for pleading GUILTY? Yes___ No X

If so who made the suggestion and exactly what was suggested?_____

30. Has any plea agreement been made by you with anyone which causes you to plead GUILTY? Yes___ No___
If so exactly what is that agreement as understand it? _Plea on certain charges only_

31. Is your plea of GUILTY given voluntarily and of your free will and accord? Yes X No___

32. Did you commit the unlawful acts set forth in the charge or charges to which you want to plead GUILTY? Yes X No___
Specifically what unlawful acts did you commit? _Party to the crime of possn w/ intent to distribute unlawful drugs. theft by receiving a firearm + having possn of the firearm after being convicted of a felony. Drove vehicle w/o license + had another persons drivers license_

33. Has your lawyer gone over all these questions and your answers to them with you? Yes X No___

34. Are you satisfied with your lawyer and the way he has represented you in the case? Yes X No___

35. Do you understand all these questions? Yes X No___
If not, which ones do you not understand? _____

36. Is there any other information or advice you want before you enter a plea of GUILTY? Yes___ No X

37. Do you understand that if you plead GUILTY the Court may place you under oath and ask you questions about the offense or offenses to which you have pleaded and the answers to these questions may later by used against you in a prosecution for perjury or false statement or in any proceedings challenging the entry of your plea? Yes X No___

38. Do you now want to plead GUILTY? Yes X No___

I, therefore, petition the Court to accept my plea of GUILTY.

This 26 day of Feb 19 97

Sworn to and subscribed before me this 26 day of Feb 19 97.

X _Sammy Maine_
DEFENDANT

_Michelle Vaughn_
Notary Public

## CERTIFICATE OF COUNSEL

I, as attorney for the defendant, hereby certify that:
1. I have read and fully explained to the defendant all of the charges contained in the indictment or information in this case.
2. I have explained and discussed with defendant the facts and elements of the case which the prosecution must prove and the defenses that may be available to the charge or charges.
3. I have explained to the defendant the maximum penalty provided by law for the offense or offenses to which the defendant offers a plea of guilty and the possible consequences of a plea of guilty.
4. The plea of guilty offered by the defendant to the charge or charges accords with my understanding of the facts the defendant has related to me, is consistent with my advice to the defendant, and in my opinion is voluntarily and understandably made.
5. To the best of my knowledge and belief the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.
6. I do not know of any reason why the Court should not accept the plea of guilty.

This ___ day of Feb 19 97

_Michelle Vaughn_
Attorney for Defendant

## ORDER

After examination by the Court, the Court ascertains, determines and adjudges, that the plea of guilty by the defendant is freely, understandingly and voluntarily made, and was made without undue influence, compulsion or duress, and without promise of leniency. It is, therefore, ordered that this plea of guilty be entered on the minutes, and that this Transcript and Certificate be filed with the (Indictment) (Accusation).

This 26th day of Feb , 19 97

_Bobby C. Milam_
JUDGE SUPERIOR COURTS
APPALACHIAN JUDICIAL CIRCUIT

DECIDED APRIL 7, 1998 —
RECONSIDERATION DENIED MAY 5, 1998 —

*David M. Rosenberg,* for appellant.
*Roger Queen, District Attorney,* for appellee.