A98A1619. THOMAS v. THE STATE.
(507 SE2d 523)

Judge Harold R. Banke.

Charles Alexander Thomas pleaded guilty to aggravated battery, two counts of aggravated assault, two counts of criminal attempt to commit aggravated sexual battery, and false imprisonment. He was sentenced as a recidivist to 30 years incarceration without the possibility of parole. He enumerates three errors on appeal, challenging the trial court's denial of his motion to withdraw the guilty pleas.

The case arose when Thomas assaulted the victim, who was seven months pregnant with his child. After opening statements and a similar transaction hearing, Thomas decided to change his pleas. At the plea hearing, Thomas testified that he was in fact guilty of the charged offenses, he understood the rights he was waiving by his pleas, and he was waiving them freely and voluntarily. Thomas also assured the court he understood that because he was sentenced as a recidivist, he would serve the entire sentence in prison.

Days after the imposition of his sentence, Thomas filed a pro se motion to withdraw his pleas, asserting that when he entered the pleas he was "not himself" due to stress and manic depression. He also proclaimed his innocence; however, in a subsequent letter to the court Thomas admitted that "one night of drugs and alcohol turned me into a monster."

The trial court appointed Thomas new counsel, ordered a psychological examination, and conducted a hearing on the motion to withdraw. At the hearing's end, the trial court denied the motion, concluding that Thomas was mentally competent when he know-

ingly, intelligently, freely, and voluntarily entered his guilty pleas. *Held*:

1. Thomas claims that because he would not have entered the guilty pleas but for his counsel's ineffectiveness, the trial court abused its discretion in denying his motion to withdraw the pleas. Thomas maintains he lost hope for a fair trial and decided to plead guilty after his counsel admitted during opening argument that Thomas had assaulted the victim.

At the hearing on the motion to withdraw, the trial court found that trial counsel was "very capable and competent" and provided good advice. Trial counsel testified that he mentioned the assault in opening as a matter of strategy because Thomas had sent inculpatory poems to the victim from jail which the State intended to introduce into evidence. Counsel reasoned that he should admit what could not be denied and deny the rest. Counsel also testified that Thomas' admissions rendered his claim to an alibi defense unethical and ludicrous.

Even tactical errors do not constitute ineffective assistance. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). Here, trial counsel's strategy could not be characterized as deficient considering the circumstances of this case. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). This fact precludes a finding that the trial court clearly erred in rejecting Thomas' claim of ineffectiveness or abused its discretion in denying the motion to withdraw. *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996) (after imposition of sentence, a ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion); see *Jones v. State*, 230 Ga. App. 65, 66 (495 SE2d 327) (1997). We need not reach Thomas' argument that the trial court erred by failing to ask him if he and his counsel had resolved their disagreement because it was not raised in the enumeration. *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997).

2. Thomas claims that the trial court's failure to determine whether he knew of his ineligibility for parole requires reversal. His argument lacks both legal and factual support.

This Court has held that the trial court has no duty to advise defendants of the parole consequences of a sentence agreed to as part of a plea bargain. *Smith v. State*, 174 Ga. App. 238, 240 (329 SE2d 507) (1985) (physical precedent only); *Davis v. State*, 151 Ga. App. 736, 737 (261 SE2d 468) (1979). Eligibility for parole is merely a collateral legislative consequence of the plea. *Smith*, 174 Ga. App. at 240.

Notwithstanding Thomas' contention to the contrary, *Hutchison*

*v. State*, 230 Ga. App. 143, 144 (495 SE2d 618) (1998) is distinguishable on its facts. Trial counsel in *Hutchison* was unaware of an applicable sentencing statute and was therefore unable to correctly advise his client of the alternatives he faced. Here, unlike *Hutchison*, trial counsel was not ineffective.

Nor did trial counsel fail to inform Thomas of his ineligibility for parole. The record shows that prior to trial, trial counsel advised Thomas of the ramifications of a guilty plea, explaining that he qualified as a recidivist and the provisions of OCGA § 17-10-7 could apply. Thomas admitted as much at the motion to withdraw hearing. Further, during the plea hearing, Thomas informed the court that he understood he would be sentenced to 30 years to serve. Thomas answered in the affirmative when the court asked him whether he understood that being sentenced under the recidivist statute meant he would serve all his time in prison. In these circumstances, we cannot say the trial court abused its discretion in rejecting Thomas' argument. *Neal v. State*, 216 Ga. App. 223, 224 (453 SE2d 807) (1995).

3. Nor did the trial court abuse its discretion in finding Thomas competent to tender his pleas. The record shows that Thomas voluntarily and intelligently entered his pleas in open court, with the assistance and advice of counsel, whose representation Thomas described as satisfying. See *Boyette v. State*, 217 Ga. App. 593, 595 (2) (458 SE2d 397) (1995). At the motion hearing, a court-appointed psychologist testified that Thomas "was very articulate and well spoken, logical, coherent, organized, [and] showed no signs of mental illness." Thomas' condition was so clearly normal that the psychologist saw no need for formal testing. This evidence authorizes the trial court's finding that Thomas entered his guilty pleas knowingly, intelligently, freely, and voluntarily. *Vaughn v. State*, 228 Ga. App. 185, 186 (491 SE2d 426) (1997).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 6, 1998.

*James B. McGinnis, Martin C. Jones*, for appellant.

*J. Tom Morgan, District Attorney, Stephen D. Sencer, Maria Murcier-Ashley, Sheila A. Connors, Noah H. Pines, Assistant District Attorneys*, for appellee.