A03A1907. THOMPSON v. THE STATE.

(587 SE2d 208)

ELDRIDGE, Judge.

Eugene Thompson appeals from a DeKalb County Superior Court's order denying his motion to withdraw his guilty plea. Because Thompson's claims of error are without merit, we affirm.

A DeKalb County grand jury indicted Thompson on one count of malice murder, two counts of felony murder, and one count of possession of a handgun by a convicted felon, which charges arose following a monetary dispute between Thompson and the victim, during which Thompson shot the victim with a .357 Magnum handgun. On March 8, 2002, Thompson entered a negotiated guilty plea to the offense of voluntary manslaughter and received the negotiated sentence of 17 years to serve.

Thereafter, on June 4, 2002, represented by new counsel, Thompson filed a motion to withdraw his guilty plea as not knowingly and voluntarily entered with effective assistance of counsel. His sole contention was that his trial attorney neglected to tell him that he would have to serve 90 percent of his 17-year sentence before being eligible for parole consideration and that, had he been so informed, he would not have pled guilty but would have gone to trial.

A hearing was held on Thompson's motion, and his trial attorney was called to testify. She specifically testified that she explained to Thompson prior to the entry of his plea,

> that he would be hopefully paroled, or he would be eligible for parole at ninety percent, which was about fifteen and a little bit.

Thompson also testified at the hearing, as did his mother. Both Thompson's and his mother's testimony was that trial counsel informed them that Thompson would be eligible for parole in approximately seven years on a voluntary manslaughter conviction. After hearing the evidence and the arguments of the parties, the trial court denied the motion to withdraw Thompson's guilty plea:

> The court has heard the evidence. The court finds the testimony of the defendant and his mother not [to] be credible in this case. The court finds that the defendant's plea to voluntary manslaughter submitted as a negotiated plea to this

court, was freely, knowingly and voluntarily tendered. The court further finds that the defendant did receive effective assistance of counsel during the plea negotiations and entry of the plea in this case. I will deny the motion to withdraw plea.

*Held*:

Before this Court, the crux of both Thompson's substantive claim of an involuntarily entered guilty plea and his claim of ineffective assistance of counsel is the same as that raised below, i.e., that his trial attorney failed to tell him he would not be eligible for parole until he had served 90 percent of his 17-year sentence. Based thereon, Thompson contends (a) his guilty plea was entered without a full awareness of the consequences and was, thus, involuntary; and (b) he received ineffective assistance of counsel with regard to the entry of his plea. However, after imposition of sentence,

a ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion.[1]

Questions of credibility that arise during such motion are resolved by the trier of fact.[2]

Here, there is evidence of record that Thompson was, indeed, informed by his trial attorney that he would serve 90 percent of his 17-year sentence before parole eligibility, and Thompson was aware of that fact before he entered his plea. Moreover, the trial court was authorized to find that Thompson's evidence to the contrary was not credible.[3] Under these circumstances, we cannot find a manifest abuse of discretion in the trial court's denial of Thompson's motion to withdraw his guilty plea on the basis urged.[4]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 3, 2003 — 

*Lohmeier & Lohmeier, Gregory J. Lohmeier,* for appellant.

---

[1] (Citation omitted.) *Thomas v. State,* 234 Ga. App. 652, 653 (1) (507 SE2d 523) (1998).

[2] *Manues v. State,* 232 Ga. App. 454, 455 (501 SE2d 826) (1998).

[3] *Neal v. State,* 216 Ga. App. 223, 224 (453 SE2d 807) (1995); *Galbreath v. State,* 130 Ga. App. 179, 180 (202 SE2d 562) (1973).

[4] *Reese v. State,* 242 Ga. App. 204 (529 SE2d 196) (2000).

■■■■■■■■

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.