## S08A0388. TERRY v. THE STATE.

(663 SE2d 704)

HINES, Justice.

Dominic Sebastian Terry appeals his conviction for the malice murder of Jason D. Greenidge. For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that in the early morning hours of April 12, 1999, Greenidge drove to a gas

---

[1] Greenidge was killed on April 12, 1999. On July 27, 1999, a Fulton County grand jury indicted Terry for malice murder, felony murder while in the commission of aggravated assault, and aggravated assault. Beginning on April 25, 2000, Terry was tried before a jury; a mistrial was declared on May 2, 2000, when a verdict could not be reached. He was again tried before a jury on January 8-11, 2002, and found guilty of all charges. On January 14, 2002, he was sentenced to life in prison for malice murder; the felony murder charge stood vacated by operation of law, and the aggravated assault charge merged with the malice murder. See *Malcolm v. State*, 263 Ga. 369, 372-374 (4), (5) (434 SE2d 479) (1993). Terry filed a motion for new trial on February 4, 2002, and amended the motion on July 16, 2004; the motion for new trial, as amended, was denied on August 20, 2004. On September 15, 2004, Terry filed a notice of appeal to the Court of Appeals; the appeal was docketed in that Court on August 15, 2005, and transferred to this Court on August 29, 2005; the appeal was dismissed by this Court on October 24, 2005, for failure to file appellant's brief and enumerations of error. On February 16, 2006, Terry filed an "Amended Out of Time Notice of Appeal to the Supreme Court of Georgia"; that appeal was docketed in this Court on March 20, 2006, but was dismissed on May 25, 2006, as Terry had not obtained the right to file an out-of-time appeal. Terry moved the trial court for permission to file an out-of-time appeal on June 1, 2007, and the motion was granted on July 30, 2007. On August 6, 2007, Terry filed an out-of-time notice of appeal, the appeal was docketed in this Court on November 7, 2007, and submitted for decision on December 31, 2007.

station parking lot where prostitutes plied their trade. Terry was there with three prostitutes who worked for him; other pimps were also there with prostitutes. Greenidge gave a prostitute $60, and she gave it to Terry; Greenidge drove off with the prostitute. Greenidge returned with the prostitute at least 45 minutes later; the $60 he had paid normally gained an encounter with a prostitute of ten minutes duration. The prostitute got out of Greenidge's vehicle, and Terry went to the vehicle and said that Greenidge had "been gone so long with my girl" and demanded more money; when Greenidge did not produce any more money and attempted to drive away, Terry raised a pistol and shot into the vehicle several times, striking Greenidge in the torso and in one arm. Greenidge drove his vehicle a short distance, and it came to rest against a fence; by the time an ambulance arrived, he had died in his vehicle from the gunshot wound to the torso.

1. The evidence was sufficient to enable a rational trier of fact to find Terry guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Terry claims that trial counsel failed in several respects to provide effective representation. In order to prevail on this claim, Terry must show both that counsel's performance was deficient, and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To meet the first prong of the required test, the defendant must overcome the "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct," and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. Id. at 784. To meet the second prong of the test, the defendant must show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. Id. at 783. " 'We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Terry was convicted in his second trial on the same charges presented in his first trial; he was represented by the same attorney in both trials. In his first trial before a jury, a mistrial was declared when the jury could not reach a verdict. Terry asserts that trial

counsel should have met with him[2] and discussed the case and possible plea agreements with him. However, counsel's unrebutted testimony at the hearing on the motion for new trial regarding any offer of a plea agreement after the first trial was that the State's only offer was for Terry to plead guilty in exchange for a sentence of life in prison; this was the mandatory sentence Terry would receive upon conviction at trial for malice murder or felony murder, as the death penalty was not sought. See OCGA § 16-5-1. In any event, Terry testified at the hearing on the motion for new trial that he would not have pled guilty had a plea agreement been offered. Accordingly, Terry fails to show either deficient performance of trial counsel, or prejudice. See *Thomas v. State*, 274 Ga. 156, 164-165 (10) (549 SE2d 359) (2001).

(b) Terry asserts that, prior to trial, counsel failed to interview certain witnesses who were at the scene of the shooting. However, counsel testified that he attempted to interview these witnesses, but they would not speak with him, and thus, this claim of ineffective assistance has no merit. *Dixon v. State*, 267 Ga. 136, 138 (2) (475 SE2d 633) (1996).

(c) Jasmine Rodriguez testified that: she heard Terry's argument with Greenidge over whether Greenidge paid enough for one of Terry's prostitutes; she then heard gunshots; she and Terry drove from the gas station; and they later returned to the area. She also testified that the State had not pressured her to testify to these events, but during a conversation with trial counsel at counsel's office, she said that the State had pressured her, and she also told counsel that she and Terry had gone home and stayed there after leaving the gas station. On cross-examination at trial, Rodriguez admitted that she had lied to counsel about these matters in the prior conversation at counsel's office. Terry contends that despite Rodriguez's admission on the witness stand that she had been untruthful, trial counsel should have impeached Rodriguez with a tape recording made during the conversation at counsel's office. However, the content of the alleged tape recording has never been placed before the trial court; Terry did not play the tape at the hearing on the motion for new trial, or otherwise introduce evidence regarding its content, and thus fails to show that there is a reasonable probability that the result of his trial would have been different if the tape had been played at trial.

(d) During his opening statement, trial counsel said:

---

[2] Terry states in his brief that trial counsel did not meet with him until trial, but counsel's testimony at the hearing on the motion for new trial was that he met with Terry several times, spoke with him on the telephone several times, and discussed the case with Terry's family.

The evidence will show you in this case that yes Dominic Terry was out there pimping, but I want you to understand he is not on trial here for pimping. That's something for another time in another court. That has nothing to do with his guilt or innocence of murder. It don't mean you got to like him. What he did was wrong, but it doesn't mean that he killed Jason Greenidge.

Terry contends that making these statements was deficient representation as doing so placed his character before the jury. However, trial counsel testified at the hearing on the motion for new trial that he made a strategic decision to confront the issue of Terry's business activities because the witnesses to the crime, testimony to be presented, and the circumstances of the killing would make it plain to the jury that Terry was regularly engaged in the illegal activity of pimping, and noted that he had pursued the same strategy at Terry's first trial, with apparent success as Terry had not been found guilty. It is reasonable strategy for defense counsel to place disagreeable information before the jury in a manner which he can control rather than allow the subject matter to be presented in a more damaging fashion. See *Collins v. State*, 276 Ga. 726, 728 (2) (583 SE2d 26) (2003); *Medlin v. State*, 285 Ga. App. 709, 714 (2) (a) (ii) (647 SE2d 392) (2007); *Thomas v. State*, 234 Ga. App. 652, 653 (1) (507 SE2d 523) (1998).

(e) Finally, Terry contends that trial counsel should have procured a mental health evaluation for him. However, this issue was not presented to the trial court, and is consequently waived. *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 2008.

*Xavier C. Dicks*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.