S09A0939. WINFIELD v. THE STATE.
(684 SE2d 611)

MELTON, Justice.

Following a jury trial, Robert Orlando Winfield was found guilty of felony murder and aggravated assault in connection with the February 6, 2005 beating death of Timothy Hyatt.[1] Winfield contends on appeal that the evidence was insufficient to support the verdict,

---

[1] On August 23, 2005, Winfield was indicted for malice murder and felony murder (with aggravated assault as the underlying offense). Following a jury trial on December 5-7, 2005, Winfield was found guilty of felony murder and aggravated assault, and he was acquitted of malice murder. On December 7, 2005, Winfield was sentenced to life imprisonment for felony murder, and the conviction for aggravated assault was merged into the felony murder conviction for sentencing purposes. Winfield filed a motion for new trial on December 30, 2005, which he amended on March 27, 2008. The trial court denied Winfield's motion for new trial on October 27, 2008. Winfield's appeal was filed on November 25, 2008, docketed in this Court on February 26, 2009, and submitted for decision on the briefs.

that the trial court erred by admitting certain photographic evidence, and that his trial counsel was ineffective. For the following reasons, we affirm.

1. Viewed in the light most favorable to the verdict, the record reveals that on February 6, 2005, Winfield went to the Friendship Motel in Columbus, Georgia with two compatriots to collect a drug debt owed by Hyatt, and to "teach [Hyatt] a lesson." Winfield and one of his companions forcibly entered Hyatt's room and severely beat him. Hyatt died as a result of his injuries.

This evidence was sufficient to enable a rational trier of fact to find Winfield guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-2-21 ("Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto.").

2. Winfield contends that the trial court erred by admitting into evidence pre- and post-autopsy photographs of the deceased. This argument has been waived on appeal, however, because Winfield did not object to the admission of these photographs when tendered at trial. *Quintanilla v. State*, 273 Ga. 20 (2) (537 SE2d 352) (2000).

3. Winfield asserts that his trial counsel rendered ineffective assistance. Specifically, Winfield claims that trial counsel's failure to object to the admission of the post-autopsy photographs of the deceased victim violated Winfield's right to be tried by a fair and impartial jury. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Terry v. State*, 284 Ga. 119 (663 SE2d 704) (2008), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Here, at the hearing on Winfield's motion for a new trial, trial counsel testified that he made a strategic decision not to object to the admission of the post-autopsy photographs because he wanted to highlight to the jury the defense theory that Hyatt's injuries from the beating were not significant enough to cause his death. Specifi-

cally, the defense wanted to emphasize that Hyatt's long-term drug use — as opposed to a beating that resulted in visible bruises and scratches to the victim's head, face, hands, and left side — could have ultimately brought about Hyatt's demise. In light of trial counsel's reasonable strategic decision when faced with the evidence of Winfield's active participation in the beating of Hyatt, the record supports the trial court's conclusion that Winfield failed to meet his burden of showing ineffective assistance of trial counsel. See *Smith v. State*, 283 Ga. 237, 239 (2) (b) (657 SE2d 523) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*Bennett & Casto, Mark A. Casto*, for appellant.

*Julie F. Slater, District Attorney, Danielle F. Forte, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.