# Court of Appeals
# of the State of Georgia

ATLANTA, November 27, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0644. CHARLES THOMAS v. THE STATE.**

In 1997, Charles Thomas pleaded guilty to aggravated battery, two counts of aggravated assault, two counts of criminal attempt to commit aggravated sexual battery, and false imprisonment. He was sentenced as a recidivist to 30 years' imprisonment without the possibility of parole. Thomas's convictions were affirmed on appeal. *Thomas v. State*, 234 Ga. App. 652 (507 SE2d 523) (1998). In November 2017, Thomas filed a "Motion to Vacate, Set Aside, or Correct Sentence," arguing that he was improperly sentenced as a recidivist because the State improperly introduced a prior conviction that had been expunged. The trial court dismissed Thomas's motion, and he filed this direct appeal. We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). However, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence after the statutory period of OCGA § 17-10-1 (f) expires, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von*

*Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Thomas does not argue that his sentence exceeded legal limits; rather, he claims that the State should not have used a prior conviction that had been expunged to enhance his sentence. However, a challenge to the prior conviction used in recidivist sentencing does not constitute a valid void-sentence argument. See *von Thomas v. State*, 293 Ga. at 572 (2). Thus, Thomas has not raised a colorable void-sentence argument, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   11/27/2018          *
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*