**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 8, 2025**

# In the Court of Appeals of Georgia

A25A0921. YOUNG v. THE STATE.

MARKLE, Judge.

After Maurice Young pled guilty to rape, aggravated sodomy, and aggravated assault, the trial court denied his pro se motion for new trial, expressly declining to consider it as a motion to withdraw the plea. He now appeals, arguing that (1) his plea was not made knowingly and voluntarily because he was denied his right to self-representation, there were improper communications between the prosecutor and a juror, and he received ineffective assistance of counsel; and (2) he was denied the right to withdraw his plea. For the reasons that follow, we vacate the trial court's order, and remand the case for further proceedings consistent with this opinion.

The record shows that Young was indicted for rape, aggravated sodomy, and aggravated assault in connection with an incident in which he grabbed a young woman at a MARTA station, strangled her, forced her to perform oral sex, and vaginally penetrated her. Between January 2020 and July 2022, Young repeatedly filed motions seeking to discharge counsel and represent himself. Nothing in the record shows that the trial court ever ruled on those motions or held a *Faretta*[1] hearing to consider them.

In July 2023, Young proceeded to trial, but on the third day, he entered a negotiated plea. The trial court explained to Young the rights he would be waiving by pleading guilty, and Young indicated that he understood. Young further agreed that he was entering his plea freely and voluntarily, and he waived his right to withdraw his plea before sentencing. The trial court made no mention of the rights or limitations to withdraw a plea *after* sentencing.

The trial court accepted Young's plea to all three counts. Thereafter, Young filed a pro se motion for new trial, arguing, inter alia, that his plea was involuntary due to ineffective assistance of counsel and the denial of his motion to represent himself.[2]

---

[1] *Faretta v. California*, 422 U. S. 806 (95 SCt 2525, 45 LE2d 562) (1975).

[2] The record does not contain any order discharging Young's attorney before Young filed his pro se motion. Nevertheless, the trial court accepted the pro se filing.

The trial court denied the motion, noting that a motion for new trial is not an available remedy following a guilty plea, and it declined to construe the motion as one seeking to withdraw the plea. This appeal followed.

1. We first consider Young's claim of ineffective assistance of counsel because that issue is dispositive of this appeal. Young argues that he received ineffective assistance of counsel because his attorney failed to challenge the prosecutor's inappropriate contact with a juror; advised him to plead guilty; and failed to inform him that he could seek to withdraw his plea, and that his plea would waive any challenge to the denial of his right to self-representation. He contends that he would not have entered his plea but for counsel's deficient performance.

To begin, Young has preserved his claim by raising it at his first opportunity. See *Caskey v. State*, 370 Ga. App. 697, 701 (2) (898 SE2d 867) (2024).

> Generally, when the appeal presents the earliest practicable opportunity
> to raise an ineffectiveness claim, and the claim is indeed raised for the

---

See *Johnson v. State*, 315 Ga. 876, 877 (885 SE2d 725) (2023) (trial court has discretion to consider pro se motion filed while defendant is still represented by counsel); see also *Sanchez v. State*, 359 Ga. App. 667, 668 (859 SE2d 824) (2021) (given that defendant alleged counsel coerced him into entering plea, it was "unreasonable" to consider defendant as if still represented by counsel when he filed his pro se motion).

first time on appeal, our appellate courts remand the case to the trial court for an evidentiary hearing on the issue. Remand is not mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). . . . A defendant who seeks to overturn a plea conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. When considering claims for ineffective assistance of counsel, this Court accepts the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citation and punctuation omitted.) *Caskey*, 370 Ga. App. at 701 (2).

Here, Young entered a plea and there were no post-trial proceedings at which he was able to develop a record to support his ineffective assistance claim. Young argues in his brief that counsel's alleged deficient performance affected his decision to plead guilty, and that he would not have done so but for counsel's actions. Because this claim has not been properly addressed, and we cannot determine from the record that it would be unsuccessful, we must vacate the trial court's order, and remand the case for an evidentiary hearing. *Caskey*, 370 Ga. App. at 701 (2).

4

2. Young next argues that the trial court erred by failing to construe his motion for new trial as one to withdraw his guilty plea.

In his motion for new trial, Young argued that he entered a plea because he received ineffective assistance of counsel. But, the trial court refused to treat Young's motion as a motion to withdraw a plea because Young had not used that specific language. Importantly, "[w]e consider the substance of a motion and not its nomenclature." *Martin v. State*, 369 Ga. App. 193, 196 (2) (892 SE2d 826) (2023); see also *Galbreath v. State*, 130 Ga. App. 179 (202 SE2d 562) (1973) (considering substance of pro se motion). And Young's allegations that he "took a negotiated plea of guilty due to ineffective assistance of counsel," and that he was "forced to go to trial with court appointed counsel against his will and in violation of his Constitutional rights," were sufficient to alert the trial court that he was seeking to withdraw his plea. See, e. g., *Ricks v. State*, 307 Ga. 168 (835 SE2d 179) (2019) (treating pro se motion in which defendant argued her plea was involuntary and that she received ineffective assistance of counsel as one to withdraw plea), overruled on other grounds by *Johnson v. State*, 315 Ga. 876 (885 Se2d 725) (2023); *Galbreath*, 130 Ga. App. at 179 ("Recognizing that substance and not mere nomenclature controls in a situation of

5

this sort, we consider the motion as one to withdraw the plea of guilty."). As a result, the trial court should have treated Young's motion as one seeking to withdraw his plea after sentencing.

It is well settled that, after sentencing, "a defendant may withdraw his guilty plea only to correct a 'manifest injustice.'" *Espinosa v. State*, 320 Ga. 98, 102 (2) (907 SE2d 691) (2024). Notably, "[t]hat standard is met if a defendant was denied effective assistance of counsel." *Pinckney v. State*, 321 Ga. 386, 388 (2) (914 SE2d 803) (2025). As noted above, the record is not sufficiently developed for this Court to determine if Young received ineffective assistance of counsel. Thus, it is premature for this Court to address whether he has established the manifest injustice necessary to enable him to withdraw his plea.

3. Because we reach this conclusion, we do not consider Young's remaining arguments.

In sum, we vacate the trial court's order denying the motion for new trial, and we remand the case for the trial court to hold an evidentiary hearing on Young's

claims on ineffective assistance of counsel and to consider Young's motion as one to withdraw his plea.[3]

*Judgment vacated, and case remanded with direction. Doyle, P. J., and Padgett, J., concur.*

---

[3] We express no opinion on the merits of Young's claims.